STATE OF MISSOURI, Appellant, *v.* WALTER W. BAILEY, Respondent.

*Criminal Practice—Indictment—Perjury.*—If an indictment for the crime of perjury (R. C. 1855, p. 599, § 1) show that the issue, as to which the defendant testified, was not, as a matter of law, a material issue in the cause, it is defective and is properly quashed.

*Appeal from Sullivan County Court.*

*Welsh*, (Attorney General,) for appellant.

BATES, Judge, delivered the opinion of the court.

Bailey was indicted for perjury; upon his motion the indictment was quashed, and the State appealed to this court.

The indictment charged, that a suit before a justice of the peace "between one F. A. Baughker, for the use and benefit of John M. Slack, plaintiff, and one John Wills, defendant, in a certain action of debt upon a certain promissory note assigned to said Baughker by one James Williams, came on to be tried in due form of law, and was then and there tried by a jury of the country, duly summoned, empanneled and sworn ; and that upon the said trial, one Walter W. Bailey appeared as a witness on behalf of the defendant, and was duly sworn, and took his oath to speak the truth, the whole truth, and nothing but the truth, touching the matters in issue in the said trial—the said justice of the peace having competent authority to administer said oath ; and that at and upon the said trial, certain questions became and were material in substance as follows, that is to say : Was the plaintiff told before he bought the note here sued on from Mr. Williams, that it was executed for certain lands, and that the title of the lands was in dispute, and that the vendee and maker of the note would not pay the note until he got a good title to the lands for which the note was executed ? And that the said Bailey being so sworn as aforesaid, and being then and there lawfully required to depose the truth in a proceeding in a court of justice, at and upon the said trial at the court aforesaid, then and there falsely, wilfully, voluntarily, corruptly, and feloniously did say, depose, and swear, among other things, that he was present when Williams traded the note aforesaid to the plaintiff Baughker as aforesaid, and that he then told Baughker and Williams that the title to the lands aforesaid was in dispute, and that the maker of the said note (Wills) would not pay the said note until he got a good title to the said lands for which it was given as aforesaid; which statement that the said Bailey was present when the said Williams traded the said note to the said Baughker was not true, and the said statement that the said Bailey told the said Baughker and Williams that the title to the lands for which the said note was executed was in dispute, and that the maker of the said note (Wills)

would not pay said note until the title to the lands for which it was given was made good, is untrue."

The ground assigned in the motion to quash the indictment was that " it does not contain allegations of matters showing that the evidence of defendant was to a material point, nor does it show what was the issue in the cause in which the defendant is alleged to have testified."

It is necessary, to constitute the crime of perjury, that the false testimony should have reference and application to some material issue or inquiry in order to be itself material matter. In this case, the point to which the testimony was directed was evidently immaterial. As stated in the indictment, the questions were, whether the plaintiff in the matter in controversy had notice (before he acquired the note) that its consideration was the purchase of lands, and that the title to the lands was in dispute, and that defendant therein would not pay the note. These facts, if proved, did not constitute a want or failure of consideration, or any other defence to the suit on the note. The issue was therefore immaterial, and the matter testified by the defendant was not material matter.

The judgment is affirmed ; the other judges concur.