State v. Keel.

————o————

STATE OF MISSOURI, Appellant, *vs.* JAMES KEEL, Respondent.

1. *Practice, criminal—Indictments—Perjury before grand jury—Averments—
Jurisdiction over matters of inquiry.*—In an indictment for perjury before a
grand jury, it is not necessary to allege that the grand jury had jurisdiction
over the subject matter of the inquiry. (W. S., 477, § 7.)

2. *Practice, criminal—Indictments— Venue.*—It is not necessary to state any
venue in the body of an indictment. The venue stated in the margin is taken
to be the venue for all the facts stated in the body of the indictment. (W. S.,
1090, § 26.)

3. *Practice, criminal—Indictments—Perjury—Allegations—Materiality of testi-
mony.*—In indictments for perjury, the facts, showing the materiality of the
testimony, must be plainly and distinctly set forth.

State v. Keel.

*Appeal from Madison Circuit Court.*

*B. B. Cahoon,* for Plaintiff in Error.

I. The indictment contained all the allegations necessary at common law to constitute the offense of perjury. (Train & H. Preced. Indict., 405, 435.)

II. The indictment fully sets forth the facts sworn to, showing they were such material matters as are required to charge the offense. (State vs. Holden, 48 Mo., 93; State vs. Bailey, 34 Mo., 350; Hinch vs. State, 2 Mo., 158; Whart. Crim. Law, § 2263 and note; Whart. Crim. Prac., 577.)

III. The indictment both in its body and in the caption sets out the venue. But under our statute, the indictment is good if no venue is stated. (W. S., 1090, § 27; State vs. Goode, 24 Mo., 361; State vs. Taylor, 21 Mo., 477; State vs. Ames, 10 Mo., 743; McDonald vs. State, 8 Mo., 283; State vs. Palmer, 4 Mo., 453.)

IV. It was not necessary to set out in the indictment in what county the arson was committed, or any part of the record, proceedings or process, in relation to the arson. (W. S., 477, §§ 7, 8, 9.) These sections are copied from the English statute of 1750, (Stat. 23, Geo. 2, ch. 11,) and the same rules of construction apply. The inference of law was that the offense was committed in Madison county, for the jury was not authorized to examine into the matter, unless it was, and until the contrary is shown, the law presumes they did their duty.

V. Inferences and conclusions of law, or matters of which judicial notice must be taken, need not be averred. W. S., 1020, § 39.) All such matters are only incidental and collateral, and are required to be alleged, but in a general way. (2 Bish. Crim. Prac., § 844; 1 *Id.*, § 304 *et seq.*)

VI. The indictment follows the precedent which is set out by the text writers (Train & H. Preced. Indict., 435), and that precedent is taken from Comm. vs. Parker, 2 Cush., 212.

*W. N. Nalle,* for Respondent.

I. The respondent cites the following authorities in support of the judgment of the court below: Hinch vs. State, 2 Mo., 158; Martin vs. Miller, 4 Mo., 47; State vs. Hamilton, 7 Mo., 300; 3 Whart. Am. Crim. Law, § 2246; State vs. Holden, 48 Mo., 93.

II. If it was necessary to show who was present at the time and place designated in the indictment, it was, in order to constitute perjury, necessary to ask the witness a direct question, as to who were present then and there. The facts, set forth in the indictment as constituting the offense, were merely responses to questions preliminary to a direct question. (3 Whart. Crim. Law, §§ 2228, 2229; State vs. Holden, 48 Mo., 93.)

III. If the facts set forth show that an allegation deduced from those facts, is untrue, the pleading ought to be held bad. (State vs. Holden, 48 Mo., 93.)

Sherwood, Judge, delivered the opinion of the court.

James Keel was indicted for perjury in the Madison Circuit Court. The indictment is as follows:

" State of Missouri,  ⎫
 County of Madison.  ⎭ ss.

In the Circuit Court of Madison County, Missouri:
To September Term A. D., 1872.

The grand jurors of the State of Missouri now here in court, duly impaneled, sworn and charged to inquire within and for the body of Madison County, upon their oath do present, that at the Circuit Court begun and holden at Fredericktown within, and for the County of Madison, on the 4th Monday in March, 1871, by Hon. Wm. Carter, Judge of said Circuit Court, before the grand jurors of said State of Missouri, for said County of Madison, which said grand jurors were then and there duly and legally convened, having then and there been duly and legally impaneled and sworn according to the provisions of law in that behalf, a certain complaint was then and there made and presented against one Joel Lunsford, and certain other persons whose names are unknown

to the jurors aforesaid, for the crime of arson, and that, in the investigation and hearing of said complaint before said grand jurors, so impaneled and sworn, as aforesaid, one James Keel, late of said county, was subpœnaed, and did then and there personally appear as a witness, in regard to said complaint, and that the said James Keel, being then and there, was duly sworn by the foreman of said grand jurors and grand jury, and took upon himself his corporal oath; the said foreman of said grand jurors as aforesaid, to-wit: One Radcliffe B. Lockwood being then and there duly and legally authorized and empowered, and having competent authority to administer the said oath; and that then and there, it became important and was material to the issue, and to the matter then material to the issue and investigation of said complaint before said grand jurors impaneled as aforesaid, whether on the night of the commission of said crime of arson, to-wit: On the night of the 23rd day of December, 1869, a ball was not had and held at the residence of the mother of said James Keel, to-wit: Mrs. Maria Keel, at Mine La Motte, in said county, whether at said ball, at said place, on said night, said James Keel was not then and there present at the residence of his said mother, the said Maria Keel; whether he, the said James Keel had not been at a ball, or had not played a fiddle at a ball, at the said residence of his said mother, and whether he, the said James Keel, at said ball, at said place, on said night, did not play a fiddle; that it was material to the issue, to the matter then material to the issue and investigation of said complaint, then and there to discover who was then and there present at said ball at said place, because said grand jurors, in pursuing said investigation, had discovered said ball was held as aforesaid, and they had good reason to believe, and afterwards so discovered, that said Joel Lunsford and certain persons whose names are unknown to the jurors aforesaid, who were implicated with said Joel Lunsford in the commission of said crime of arson, were present at said ball at said time and place, and, after leaving and departing from the same, committed said crime of arson, and that the interrogatories and questions put

to said James Keel by said grand jury, and by said foreman, were put and administered for the purpose of ascertaining as to whether at said ball, at said time and place, said James Keel was not then and there present at the residence of his said mother, and whether he, the said James Keel at said ball, at said time and place, did not play a fiddle at said ball, so as to learn whether or not said Joel Lunsford and said other persons, whose names are unknown to the jurors aforesaid, implicated with said Joel Lunsford in the commission of said crime of arson, were present at said ball at said time and place, and, after leaving and departing from the same, committed said crime of arson ; and that, thereupon the said James Keel, being so sworn and produced as a witness as aforesaid to-wit : On the 4th day of April, 1871, then and there, unlawfully, feloniously, willfully, corruptly and falsely did testify and swear as in and to said material issue, to the matter then material to the issue and investigation of said complaint, as follows, to-wit : That he, meaning the said James Keel, was not present at the residence of his mother, the said Mrs. Maria Keel, at Mine La Motte, in said county on the night of the 23rd day of December, 1869 ; that he, meaning the said James Keel, did not, at said ball, held at the residence of his mother, the said Mrs. Maria Keel, on the night of the 23rd day of December, 1869, play a fiddle, and that he, meaning the said James Keel, had not been at a ball, and had played a fiddle at a ball, at the residence of his mother, the said Mrs. Maria Keel, since he, meaning the said James Keel, was married ; whereas, in truth and in fact, the said James Keel was present at the residence of his mother, the said Mrs. Maria Keel, at Mine La Motte, in said county on the night of the 23rd day of December, 1869 ; whereas in truth and in fact, the said James Keel, did, at said ball, held at the residence of his mother, the said Mrs. Maria Keel, on the night of the 23rd day of December, 1869, play a fiddle, and whereas in truth and in fact he, the said James Keel had been to a ball and had played a fiddle at a ball, at the residence of said mother, the said Mrs. Maria Keel, since he the said James Keel, was and had been mar-

State v. Keel.

ried. And so, the jurors aforesaid, upon their oath aforesaid, do say, that said James Keel, on the said 4th day of April, 1871, at and in the county aforesaid, before the said grand jurors, and before said grand jury of said county, (the said foreman of said grand jurors then and there having such power and authority as aforesaid) by his own act and consent, in manner and form aforesaid, falsely, feloniously, willfully, wickedly and corruptly, did commit willful and corrupt perjury," etc., etc.

The defendant filed his motion to quash the indictment, alleging among other things in said motion; that sufficient facts were not stated in the indictment to enable the court to determine the materiality of the testimony therein set forth ; that it did not appear, that the grand jury had jurisdiction of the subject matter of the inquiry ; that no venue was given as to the alleged arson, and no time, place or circumstance connected with that alleged offense, set forth ; that the testimony of the defendant, as set forth in the indictment, could not by any possibility be material to any issue that could arise upon the subject of arson.

This motion was successful. The indictment was quashed and the State has appealed.

There is nothing in the points raised by the motion, that it did not appear that the grand jury had jurisdiction over the subject matter of the inquiry, nor that no venue as to the crime of arson, was set forth. For our statute, respecting indictments for perjury, only requires the substance of the offense charged to be set forth ; by what court or official the oath was taken, averring the competency of such court or person to administer the same, together with the proper averments to falsify the matter wherein the perjury is assigned, and does not require the setting forth of the authority of the court or person before whom the perjury was committed.

And no venue is necessary to be stated in the body of the indictment. That stated in the margin is " taken to be the venue for all the facts stated in the body of the indictment." (W. S., 477, § 7; 1090, § 26.)

In both of these respects the indictment is well enough. It sufficiently sets forth the jurisdiction of the grand jury, and the county in which the arson is alleged to have been committed; but it signally fails to show, that the testimony of the defendant was at all material.   That testimony may be false in every particular, and still it does not appear, that it has even the slightest or remotest bearing on the question as to who committed the alleged arson.

If the fact of the presence of the defendant at the ball were a necessary link in the chain of circumstances, whereby guilt could be fastened on those who perpetrated the arson, it was indispensable, that this should have been plainly and distinctly set forth, in order that its materiality could be at once apparent.

Nor is the radical defect in the indictment, which I have pointed out, in the least aided or cured by general averments, that the testimony of defendant was material.   For such statements as these are but allegations of a legal inference, and not of a distinct fact.   It only belongs to the province of grand jurors to state facts in their indictments.   They must leave the legal inference deducible from those facts to be drawn by the court.

Our statutes have done much towards simplifying the forms of indictments, but the absolute necessity of setting forth the essential ingredients of crime still remains, undiminished · by statutory innovation.

There was no error in quashing the indictment, and the judgment of the court below is affirmed.   The other judges concur.