## THE STATE, *Appellant*, v. SHANKS.

**Perjury in making Affidavit of non est factum.** An indictment for perjury, charged to have been committed by defendant in making an affidavit denying the execution of a promissory note in a suit wherein he was sued upon the note, is bad, unless it shows that an issue of *non est factum* was raised by answer. An averment that defendant made the execution of the note a material issue, or that it then and there became material to inquire and ascertain whether he did execute it only states a legal conclusion and is insufficient.

*Appeal from New Madrid Circuit Court.*—HON. D. L. HAWKINS, Judge.

*J. L. Smith,* Attorney-General, for the State, argued that the indictment sufficiently averred the materiality of the facts sworn to, citing *State v. Marshall,* 47 Mo. 378; *State v. Holden,* 48 Mo. 93.

SHERWOOD, C. J.—The indictment charged " that at and before the circuit court of New Madrid county, in the State of Missouri, held at the court house in the town of New Madrid, within and for said county, on the 16th day of March, A. D. 1874, there was then pending in said court an action wherein Humphrey C. Stanley was plaintiff, and Moses Shanks, Benjamin F. Boyce, John T. Scott and Amos R. Phillips, were defendants, and which said action

was founded upon a promissory note therein, in the petition of said plaintiff alleged to be the promissory note of the said Moses Shanks, Benjamin F. Boyce and John T. Scott, payable to said Amos R. Phillips, and by the said Amos R. Phillips assigned to Humphrey C. Stanley, plaintiff in the said action, and in the said action the said Moses Shanks made it a material issue whether he, said Moses Shanks, signed or executed the said note, and whether the said note was the act of him, the said Moses Shanks; and it then and there became and was material in the said action to inquire and ascertain whether the said Moses Shanks did sign or execute the said note, and whether the same was the act of him, said Moses Shanks; and the said Moses Shanks did, then and there, come in open court in his own proper person, and before John A. Matt, the clerk of the said circuit court, and was then and there in due form and manner, sworn by the said John A. Matt, clerk of the said circuit court, and did make affidavit in writing, and take his corporal oath in open court, before the said John A. Matt, clerk of the said circuit court, touching and concerning the matters in his said affidavit in writing contained, he, the said John A. Matt, clerk of the said circuit court, then and there having sufficient and competent authority to administer an oath to the said Moses Shanks in that behalf, and the said Moses Shanks being then and there so, as above said, sworn before and by the said John A. Matt, clerk of said circuit court, upon his oath aforesaid, falsely, wickedly, corruptly and feloniously did depose, swear, and make affidavit in writing, in substance and to the effect that he, the said Moses Shanks, did not sign or execute the said note so as aforesaid sued on, and that the same was not his act, as by the said affidavit now filed in the said circuit court appears. Whereas, in truth and in fact, the said Moses Shanks did sign and execute the said note so as aforesaid sued on, and the same was the act of him, the said Moses Shanks, and so the jurors aforesaid, upon their oaths aforesaid, do say that the said

Moses Shanks, in manner and form aforesaid, did feloniously commit willful and corrupt perjury against the peace and dignity of the State." A demurrer to this indictment was successfully interposed; and the State has appealed.

We are of opinion that the court below properly held the indictment insufficient, and for these reasons: Our statute (2 W. S. 1046, § 45) provides, "When any petition * * * shall be founded upon any instrument in writing, charged to have been executed by the other party, * * * * the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof by answer, * * * · verified by affidavit." It will thus be readily seen that an affidavit does not raise an issue, and only possesses pertinency and materiality, when serving to verify the allegations of an answer, which raises an issue by denying the execution of the instrument declared on. If no answer had been filed making an issue of the sort just mentioned, an affidavit or testimony in denial of the note's execution, would have been alike impertinent and inadmissible; and if improvidently admitted, could form not the slightest basis for a prosecution like the present. Now, the indictment does not allege that issue was joined between the plaintiff and the defendant touching the execution of the note in suit, thus connecting the affidavit with and using it in verification of the answer, thereby showing the materiality of the matter sworn to. Nor is the defect cured by the general averments that "Shanks made it a material issue," &c., and that "it then and there became material," &c. How did Shanks make it a material issue? Facts should be stated, and not mere legal conclusions. In order to the sufficiency of the indictment charging perjury, the materiality of the affidavit or testimony, must be apparent. (*State v. Keel*, 54 Mo. 182.) This is not the case here, and we affirm the judgment. All concur.

AFFIRMED.