THE STATE v. OWEN, *Appellant.*

1. **Perjury**: PLEADING, CRIMINAL. An indictment for perjury, which fails to aver that the oath taken by defendant was administered by an officer duly authorized to administer it, is fatally defective.

2. **Expert Testimony as to Handwriting.** Persons who are not shown to be experts in handwriting should not be permitted to testify as to the genuineness of a disputed paper, from a mere comparison of the paper with one that is undisputed.

3. **Promissory Note**: PLEADING, CRIMINAL: VARIANCE. A note offered in evidence in support of an indictment contained in addition to those set out in the indictment, the following words: " With

interest at the rate of ten per cent per annum from maturity." *Held*, a fatal variance.

*Appeal from Jasper Circuit Court.*—Hon. J. D. Parkinson, Judge.

Reversed.

*C. A. Winslow, McReynolds & Halliburton* and *J. M. Young* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

Norton, J.—The defendant was convicted at the December term, 1874, on an indictment charging him with the crime of perjury, and his punishment assessed at two years' imprisonment in the penitentiary. The case is before us on appeal.

On the trial defendant objected to the introduction of any evidence for the reason, among others, that no averment was made in the indictment that the oath taken by defendant was administered by an officer duly authorized and empowered to administer it. This objection was overruled, and in this, according to the rule laid down in the case of *State v. Keel*, 54 Mo. 187, the trial court erred. In that case it was held that the indictment, among other things, should show " before what court or official the oath was taken, averring the competency of such court or person to administer it." The indictment in this case wholly fails to aver that the officer administering the oath was authorized to administer it. *State v. Shanks*, 66 Mo. 560.

1. PERJURY: pleading, criminal.

Error was also committed on the trial, in allowing witnesses Phelps and Castleberry, after comparing the signature of defendant to a certain mortgage, which signature was admitted to be genuine, with the signature to the note, which was disputed, to give their opinion, made up from such comparison, that the signature to the note was genuine, it not having first been

2. EXPERT TESTIMONY AS TO HANDWRITING.

shown that either Phelps or Castleberry were experts, but on the contrary, Phelps having sworn positively that he was not an expert. *State v. Tompkins,* 71 Mo. 613.

Error was also committed in allowing the note to be read to the jury, because it varied from that set out in the 3. PROMISSORY NOTE: indictment. The indictment alleged that the note was "for the sum of $109.85, dated on the 9th day of May, 1874, and payable to Patsy Owens, payable nine months after the date thereof." The note read in evidence, in addition to the above, contained the following: "With interest at the rate of ten per cent per annum from maturity." Under the authority of the following cases this was a fatal variance: *State v. Fay,* 65 Mo. 490; *State v. English,* 67 Mo. 136. Judgment reversed and cause remanded, in which all the judges concur.