### TERRITORY v. REMUZON.

Filed January 30, 1886.

1. PERJURY—INDICTMENT—SUFFICIENCY.
   It is not sufficient to charge generally that a certain question, upon which the alleged false testimony was given, was or became material, but the indictment must set forth facts showing how it became material.

2. SAME—EVIDENCE—CORROBORATION.
   The old rule that a charge of perjury must be proved by more than one witness has been somewhat relaxed; but the testimony of a single witness must be supported by corroborating evidence or circumstances.

Appeal from district court, Santa Fe county.

*William Breeden*, Atty. Gen., for appellee.

*John H. Knaebel* and *Victory & Read*, for appellant.

BRINKER, J.   The defendant was indicted for the crime of perjury, alleged to have been committed on the trial of the case of *Zenaida Gutierrez* v. *Defendant*, at the July term of the district court of Santa Fe county for the year 1884.   Defendant was tried upon this indictment, convicted, and sentenced to imprisonment in the penitentiary for two years.   From the judgment of conviction he has appealed to this court.   The indictment charges that "upon the trial of said issue so joined between the parties aforesaid [it] did then and there become and was a material question whether said Lucien J. Remuzon had been at the house of Jose Gutierrez, [meaning the house of the said plaintiff,] between the years 1875 and 1882."   There were no facts alleged showing or tending to show how the question as to whether the defendant had been at the house of Jose Gutierrez between those years could be material to the issue then on trial.   It is not sufficient to charge generally that a certain question was or became material, but the indictment must set forth facts showing how it becomes material.   The omission of these essential averments in this indictment is fatal.   *State* v. *Keel*, 54 Mo. 182; 2 Bish. Crim. Proc. § 855; *State* v. *Bailey*, 34 Mo. 350.

The principal witness for the prosecution, Zenaida Gutierrez, testified that defendant had been at the house of Jose Gutierrez several times during the years 1880 and 1881, but she was not corroborated by another witness in the case, nor by a single circumstance.   Formerly it required the testimony of two witnesses to prove the falsity of the statements on which perjury was assigned in order to convict. 1 Starkie, Ev. 443; Hawk. P. C. c. 46; 4 Bl. Comm. 358.   This rule has been in later years relaxed to some extent, but it is still necessary to prove the falsity of defendant's sworn statements beyond a reasonable doubt.   This may be done by the testimony of one witness, supported by corroborating evidence or circumstances.   But the corroboration must go beyond slight or indifferent particulars; it must strongly support the accusing witness.   Whart. Crim. Ev. § 387; *Regina* v. *Baldry*, 2 Ben. & H. Lead. Crim Cas. 494, and cases cited in note 1; Greenl. Ev. § 257.

The indictment being insufficient, and there being no evidence to support the verdict, the judgment is reversed and the cause remanded.

LONG, C. J., and HENDERSON, J., concur.