THE STATE v. JOHN RHODES, Appellant.

Division Two, May 18, 1909.

1. **MOTION FOR NEW TRIAL: Not Preserved.** Where appellant did not incorporate his motion for a new trial or his exceptions to the overruling of the same in his bill of exceptions, and the bill contains no direction to the clerk to copy the same, the motion cannot be considered on appeal. A noting by the clerk in the record proper that defendant saved an exception to the overruling of his motion does not preserve it for review.

2. ————: ————: **No Exceptions to Instructions.** And if the motion for a new trial is not preserved in the bill, and the bill shows no exceptions taken to the giving or refusal of instructions, they cannot be considered on appeal.

3. **INFORMATION: Perjury: Sufficient.** An information charging that defendant was sworn as a witness in a certain other specified cause, and setting forth the court in which the trial was had, and the materiality of the issue, and with particularity the facts to which defendant falsely testified and bearing directly upon the issue of the guilt or innocence of the defendants in that cause, and the materiality of these facts, and then proceeds to define the perjury by negativing the truth of the facts then sworn to by defendant, is sufficient.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*D. M. Gibson* for appellant.

Allegations must be proved as alleged in the information either literally or substantially as set out, and any variance of substance between the information and evidence in this respect will be fatal. State

State v. Rhodes.

v. Frisby, 90 Mo. 533. It is not enough when defendant has made two contradictory statements to produce one in evidence to prove the other is false. 2 Wharton on Criminal Law, sec. 1317. When an indictment contains two assignments of perjury and only one is proved, a general verdict of conviction will not be sustained.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) The information was duly verified and conforms to the statutory requirements and the approved precedents. R. S. 1899, secs. 2033, 2039; State v. Cave, 81 Mo. 451; State v. Morse, 90 Mo. 92; State v. Huckeby, 87 Mo. 418; State v. Powers, 136 Mo. 196; State v. Walker, 194 Mo. 369; State v. Taylor, 202 Mo. 2; 2 Bishop's New Criminal Law, p. 1015. (3) Since no motion for new trial is properly preserved and no bill of exceptions is shown by the record proper to have been filed at any time, the record proper being free from error, an affirmance must result. State v. Herron, 199 Mo. 160; State v. Wright, 186 Mo. 122; State v. Carnell, 186 Mo. 88; State v. Foley, 113 S. W. 1050; State v. Hamilton, 113 S. W. 1050; State v. Long, 113 S. W. 1077.

GANTT, P. J.—This is an appeal from a judgment and sentence of the circuit court of Vernon county, wherein the defendant was convicted of perjury and sentenced to the penitentiary for seven years. The prosecution was commenced by an information filed by the prosecuting attorney of Vernon county on the 21st day of April, 1908. The defendant was duly arraigned and pleaded not guilty. In due time after his conviction he filed his motions for new trial and in arrest of judgment, which were overruled, and having been sentenced in accordance with the verdict of the jury he appealed to this court.

I.   The scope of the questions presented here for review is very narrow for the reason that the defendant did not preserve his motion for a new trial and his exceptions to the overruling of the same in his bill of exceptions.  In order that we may not be misunderstood, it is proper to say that in the record proper the clerk has recited that the defendant excepted to the action of the court in overruling his motion for new trial, but he has not incorporated his motion for new trial or his exceptions to the overruling of the same in his bill of exceptions, neither is there a direction in the bill to the clerk to copy the same.  It has been repeatedly ruled by this court that the action of the clerk, in voluntarily copying these motions into the transcript, does not make them a part of the record in a legal sense, nor does the noting of the exception on the record proper preserve it for review by this court.   [State v. Tooker, 188 Mo. l. c. 445, and cases cited; State v. Price, 186 Mo. l. c. 142, 143; State v. Modlin, 197 Mo. l. c. 379; State v. Herron, 199 Mo. 159.]

And it may be added in this connection that no exceptions whatever appear to have been taken to the giving or refusal of instructions and hence the instructions are not before us for review.

II.   The information, however, is a part of the record proper and the defendant has assailed it as insufficient.   The first charge is that the information fails to allege that the defendant willfully, falsely, corruptly, feloniously swore to pervert the true course of justice and to cause the verdict to be rendered in favor of Smith and Norton.   The allegation of the information, after alleging that the defendant, Rhodes, was duly sworn and examined as a witness in the cause of State v. Smith and Norton, and that it was material to know and ascertain whether said Smith and Norton purchased certain goods, wares, provisions and valua-

ble things from an unknown person on the morning of
the 16th of October, 1907, proceeds: "That this be-
ing the point in issue and the sole and controlling
point upon which the guilt of the said Charley Smith
and Joe Norton depended; that thereupon he, the
said John Rhodes, sworn as aforesaid, did then and
there, with intent to prevent the due course of justice
and to cause a verdict to be passed in favor of the
said Charley Smith and Joe Norton on trial of the
issues joined as aforesaid, and with the express, pre-
meditated design to effect the acquittal and discharge
of them, the Charley Smith and Joe Norton, prisoners
in the cause aforesaid, did then and there on said
trial willfully, corruptly, falsely and feloniously de-
pose and testify and swear in substance and to the
purport and effect following, namely: That he the
said John Rhodes, was on or about the 16th day of
October, A. D. 1907, living in a tent near the houses
of the said Charley Smith and Joe Norton, and that
on the said morning of the said 16th day of October,
A. D. 1907, early in the morning, before sunup, two
fellows came along there in the morning inquiring if
there was a poultry house in Nevada, right early in
the morning, before sunup. I told them Mr. Norton
would buy some chickens, that I had sold my stuff
to them. He the said John Rhodes, then and there
well knowing that his said testimony, given as afore-
said, was not true, on the contrary thereof said testi-
mony was then and there willfully false in this, to-
wit: That the said John Rhodes was not in Vernon
county, Missouri, on the said 16th day of October,
A. D. 1907, nor had he been in said county for a long
time prior thereto; he, the said John Rhodes, well
knowing that his testimony in this behalf was false
and intended to deceive, and that he had not seen such
unknown persons, as testified by him, the said John
Rhodes, contrary to the form of the statutes in such

cases made and provided and against the peace and dignity of the State.''

By section 2039, Revised Statutes 1899, it is provided: ''In any indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court and before whom the oath 'was taken, averring such court or person to have competent authority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality, together with the proper averments to falsify the matter wherein the perjury is assigned,'' etc.

As was said in State v. Cave, 81 Mo. l. c. 454, ''the indictment in question is not subject to the objection made to those in the cases of State v. Holden, 48 Mo. 93, and State v. Keel, 54 Mo. 182, where the indictments were held bad because it did not appear from them that the evidence given on the trial related to any material issue in the cause being tried. But in the present case, the materiality of the issue being tried and to which the evidence of defendant related, appears clearly upon the face of the indictment.''

The indictment alleges that Smith and Norton on or about the 27th of February, 1908, were on trial in the circuit court of Vernon county for burglary and larceny for breaking into an outhouse, the property of John C. Nunn and Florence Nunn, and then and there stealing and taking away certain personal property, produce and valuable things, the same being a felony punishable by imprisonment in the penitentiary. Then follows the charging portion of the information in State v. Smith and Norton, and an allegation that they were duly arraigned and had pleaded not guilty, and before a jury duly impaneled and sworn to try said cause. The defendant John Rhodes was duly sworn and examined as a witness, the oath being administered to him by the clerk of the said circuit court in the above

court, and upon said trial it became and was material to know and ascertain whether said Charley Smith and Joe Norton purchased the said goods, wares, provisions and valuable things from an unknown person on the morning of the 16th day of October, 1907. Thus the information specifically sets forth the cause in which the alleged perjury was committed; the court in which the trial was had; the materiality of the issue was stated so that the court could determine as to its materiality, and then sets out with particularity the facts to which defendant testified, bearing directly upon the issue of the guilt or innocence of said Smith and Norton, and then proceeds to assign the perjury by negativing the truth of the facts sworn to by the defendant in that case.

We think that the information is not subject to the criticism of defendant's counsel, but it is a sufficient charge of perjury under our statute above quoted. [State v. Huckeby, 87 Mo. 414.] Unlike the indictment in State v. Morse, 90 Mo. 92, this information expressly charges that the defendant "willfully, corruptly and falsely testified" as alleged and particularly alleges the materiality of the said testimony to the issues on trial. We think that the objections to the information are without substantial basis.

III. The record shows the arraignment and plea of not guilty; that the jury was duly impaneled and sworn, and the verdict is in proper form as is also the judgment and sentence of the court. Since no motion for new trial is properly preserved and no exceptions to the overruling of the same, the exceptions taken on the trial are not before us for review and the record proper being free from error, the judgment must be and is affirmed.

*Burgess* and *Fox, JJ.*, concur.