THE STATE, Appellant, v. LEO BIEDERMANN.—119 S. W. (2d) 270.

Division Two, August 17, 1938.

*Roy McKittrick,* Attorney General, *Olliver W. Nolen,* Assistant Attorney General, and *Arthur O'Keefe* for appellant.

*Wm. J. Hough* for respondent.

TIPTON, J.—The respondent was indicted for perjury in the Circuit Court of the City of St. Louis. His demurrer to the indictment was sustained by the trial court and the State has duly appealed from that ruling.

The substance of the indictment alleges that on November 16, 1936, there was pending in that court the case of State of Missouri v. Goffstein; that the respondent was a member of the panel of jurors summoned to try that case; that on the *voir dire* examination of the panel the circuit attorney asked the members of the panel who knew or had any acquaintance or any association or business connection with the defendant or his attorney to indicate that fact and make affirmative answer to that question by raising their hands; and that the respondent did not raise his hand, whereas, in truth and fact, he did know both the defendant and his attorney, and such answer was material to obtain a fair and impartial jury. The information further alleges that the respondent was duly sworn by the clerk of said court that he would well and truly answer all questions propounded to him touching his qualifications to serve as a juror in that cause.

The respondent contends that the indictment is fatally defective in that it fails to allege that the circuit clerk before whom the oath was taken had competent authority to administer it.

The indictment is drawn under Section 3878, Revised Statutes of Missouri, 1929, which is as follows:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered, in any cause, matter or proceeding, before any court, tribunal or public body or officer, and whoever shall falsely, by swearing or affirming, take any oath prescribed by the Constitution of this state, or any law or ordinance thereof, when such oath shall be legally administered, shall be deemed guilty or perjury."

Section 3884, Revised Statutes of Missouri, 1929, provides that:

"In any indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath was taken, averring such court or person to have competent authority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality, together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, or any commission or authority of the court

or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same.''

The Attorney General, in his brief, says: ''The indictment in this case follows in most respects indictments that have been approved in previous cases by this court. [State v. Nelson, 146 Mo. 256, 48 S. W. 84; State v. Walker, 194 Mo. 367, 91 S. W. 899; State v. Rhodes, 220 Mo. 9, 119 S. W. 391.] All of the above indictments were based upon Section 3884, supra, and contain the averment that the person before whom the oath was taken had competent authority to administer same, as is required by the statute. The indictment in the present case contains no such allegation. In State v. Owen, 73 Mo. 440, an indictment which failed to aver that the officer administering such oath was authorized to administer it was held to be fatally defective.'' Thus, he practically concedes that the indictment is defective.

In the case of State v. Owen, supra, l. c. 441, we said:

''In that case (State v. Keel, 54 Mo. 187) it was held that the indictment, among other things, should show 'before what court or official the oath was taken, averring the competency of such court or person to administer it.' The indictment in this case wholly fails to aver that the officer administering the oath was authorized to administer it.''

We believe that the Owen case was correctly ruled because it follows Section 3884, supra, which sets forth the requirements necessary for a valid indictment charging perjury. That section, among other things, requires that the indictment allege ''by what court or before whom the oath was taken, *averring such court or person to have competent authority to administer the same. . . .''* (Italics ours.)

The indictment in the case at bar wholly fails to allege that the circuit clerk had competent authority to administer the oath to the respondent, for which reason we hold it to be fatally defective. It will, therefore, be unnecessary to rule on the other objections raised.

It follows that the judgment of the circuit court should be affirmed. It is so ordered. All concur.