**STATE of Missouri, Respondent,**

v.

**Olin Neal LAFFERTY, Appellant.**

No. 52289.

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Selden M. Jones, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Ben J. Martin, Springfield, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of perjury. Section 557.010, V.A.M.S. Pursuant to such verdict and upon a finding of prior conviction, the court assessed appellant's punishment at 7-years' imprisonment in the penitentiary and sentenced him accordingly. Sections 556.280 and 557.020, V.A.M.S.

Appellant was tried on an amended information which charged him with a prior felony and that on February 1, 1966, he did "wilfully, unlawfully and feloniously, knowingly, corruptly and falsely swear and testify, in substance and to the effect that he did not have concealed about his person on the 30th day of January, 1965, a certain 22 Rosco Steel Revolver, Serial No. 601052, which testimony was given in a concealed weapons trial in which (he) was the defendant * * *, under oath duly administered by Lylian Garrison, Deputy Clerk of the Circuit Court of Greene County, Missouri (the said Lylian Garrison being a person who had competent authority to administer said oath), which case was then and there pending in the Circuit Court of Greene County, Division I, before the Honorable Jack Powell, Judge * * *, which Court and Judge had competent authority to hear the said case in which all of the aforesaid testimony was material to the issue as to whether or not Olin Neal Lafferty did have concealed about his person, the said 22 Rosco Blue Steel Revolver, Serial No. 601052, whereas in truth and in fact, the said Olin Neal Lafferty did have concealed about his person the said 22 Rosco Blue Steel Revolver, Serial No. 601052, all of which the said Olin Neal Lafferty * * * knew to be true at the time he testified falsely as aforesaid, contrary, etc. * * *."

The concealed weapon charge was tried by a jury before the Honorable Jack A. Powell, Judge of Division I, Greene County, Missouri, Circuit Court, February 1, 1966. (The resulting conviction was affirmed in State v. Lafferty, Mo., 415 S.W.2d 792.)

In this case, Judge Powell testified that he was the circuit judge in appellant's February 1, 1966, trial on the concealed weapon charge; that the material issue in that case was whether Olin Neal Lafferty carried a Rosco revolver, Serial No. 601052,

concealed upon his person; that Lylian Garrison was the deputy circuit clerk during that trial and that she is a person duly authorized to administer oaths to witnesses to tell the truth.

Lylian Garrison testified that she was a deputy circuit clerk on February 1, 1966, in the trial on that date of State of Missouri v. Olin Neal Lafferty; that she administered an oath to tell the truth to Olin Neal Lafferty as a witness in his own behalf in that case; and that he did subsequently testify in that case.

Robert O. Wray, official court reporter for Judge Powell, testified that he took and accurately recorded all of the testimony in the previous trial of Olin Neal Lafferty; that he transcribed the testimony given by Olin Neal Lafferty under oath in the previous trial; that a portion of the cross-examination of Olin Neal Lafferty had been transcribed at the request of the prosecution, which reads:

"BY MR. YOCOM: Q. Now, you are saying that this weapon, State's Exhibit A, was not taken off your person, is that correct? A. That's right. Q. That's your testimony? A. That's my testimony.

"Q. Had you ever seen this weapon before today, can you tell us about that? A. I never recognized it before today.

"Q. Did you see that gun the night of January 30th, 1965? A. Not that I know of. Q. You never had it in your hip pocket that night, is that what— A. I sure didn't. Q. —your testimony is? A. That is my testimony.

"Q. You realize you are under oath? A. I realize where I'm at. Q. And you realize you are under oath in making these statements— A. Yes, sir. Q. —is that correct? A. Yes, sir.

"Q. All right. You have never seen this gun before today. A. Not that I know of. I didn't have it in my hip pocket, I know that.

"Q. Where did you have it if you have seen it before? A. If I seen it before? It was when he come up with it. I don't know if it's the same—

"Q. Who are you talking about came up with it? A. That cop out there when he came up with the gun and he said he took it out of my pocket. Q. You are talking about Ray Landers? A. I guess that's his name.

"Q. Are you claiming that he came up with this weapon out of his own pocket and it was never in your pocket? A. I don't know where he came up with it from, but he didn't get it out of my pocket.

"Q. He never got it out of your pocket, nor off your person, is that right? A. That's right. That's right. Q. Is that your testimony? A. That's it.

"Q. All right. You never saw any weapon like that that night, is that correct? A. That's right."

Mr. Wray also identified Exhibit E in this case, a 22 Rosco revolver, Serial No. 601052, as being the same as Exhibt A referred to in the testimony transcribed from the previous trial.

On January 30, 1965, Raymond Landers, patrolman on the Springfield, Missouri, police force, responded to a call and went to a laundry in the 1500 block on North Barnes. He found a Mr. Earls standing in the laundry holding a gun on Olin Neal Lafferty. He arrested him and, upon searching him, found a 22-caliber revolver, State's Exhibit E, in his right hip pocket. "It was fully concealed down in the pocket, was also covered by a coat."

Wade Earls operated a laundry and trailer court at 1545 North Barnes, Springfield, Missouri. On January 30, 1965, he had occasion to take a gun and go into his laundry where he found Olin Neal Lafferty. He tried to put his hands into his pockets and Mr. Earls held the gun on him and told him not to put his hands into his pockets. He stayed that way until Officer Landers arriv-

ed. Mr. Earls watched Officer Landers search appellant and take a small revolver, identical to Exhibit E, from appellant's right, back pants pocket.

Eva May Earls also observed the search of Olin Neal Lafferty by Officer Landers and saw him take a gun like Exhibit E from appellant's person.

After resting, the State requested and was granted leave to reopen its case. Lylian Garrison was recalled and testified that when she administered an oath to tell the truth to Olin Neal Lafferty on his February 1, 1966, trial, she was a person who had competent authority to administer that oath.

As upon his trial on the concealed weapon charge, State v. Lafferty, Mo., No. 52199, supra, appellant was represented by counsel upon trial, in preparation and hearing of his motion for new trial, and until after the filing of the transcript in this court on November 29, 1966. On December 22, 1966, appellant filed a motion in this court "to have appeal considered without further entry by defense counsel" on "those Points properly preserved for appeal in Appellant's Motion for New Trial and those matters required by Criminal Rule 28.02, V.A.M.R. to be reviewed." The motion was sustained.

Appellant does not question the sufficiency of the evidence; suffice to say that the foregoing evidence would support a finding that defendant perjured himself on a material matter in his testimony under oath at his February 1, 1966, trial on a charge of carrying a concealed weapon. Section 557.010, V.A.M.S., State v. Clinkingbeard, 296 Mo. 25, 247 S.W. 199, 202[3].

In point 1 of his motion for new trial appellant charges that the court erred in permitting the State to amend the original information during the opening statement of the prosecuting attorney to add the allegation "the said Lillian (sic) Garrison being a person who had competent authority to administer the said oath." He contends that the original information did not state a charge against him and the amendment by

which a "charge was created" therefore prejudiced his substantial rights.

■ It is true that the original information was fatally defective for failure to aver that the person who administered the oath to appellant had competent authority to administer the same. Section 557.030, V.A.M.S.; State v. Biedermann, 342 Mo. 957, 119 S.W.2d 270. However, the original information attempted to charge and did advise appellant that he was accused of perjury by wilfully testifying falsely to a material matter while under oath in a previous trial. "[T]he very essence of the crime of perjury is wilful false swearing to a substantially definite material fact." State v. Vidauri, Mo., 305 S.W.2d 437, 440[2]. See also Leonard v. Superior Court, 4 Cal.2d 215, 48 P.2d 687, 688[2, 3]. Thus, even though the amendment added language which admittedly removed all doubt from the sufficiency of the charge of perjury, it cannot be said that the original information was not sufficient to advise appellant that he was accused of perjury, and there is no prejudice to a defendant by reason of an "amendment" or correction of an information "as long as no additional or different offense is charged. * * * V.A.M.S. § 545.290; Supreme Court Rules 24.02, 24.11." State v. Mallory, Mo., 336 S.W.2d 383, 385[5]. See also State v. Colbart, Mo., 411 S.W.2d 92, 95[3–5]; State v. Lane, Mo., 371 S.W.2d 261, 264[4]; and see State v. Redding, 362 Mo. 39, 239 S.W.2d 494, where, as here, the amendment came after the jurors were sworn.

■ Nor was there error as suggested by point 2 when "after it allowed the State to amend its Information * * *, the trial court did not afford the defendant an opportunity to have a preliminary hearing." Appellant concedes that the court "did inquire of the defendant how he wished to plead to the amended information," and the record shows that appellant was arraigned on the amended information; that appellant and his lawyer were offered opportunity to confer; that no continuance was sought; that no objection was made to any

lack of preliminary hearing; that defendant entered a plea of not guilty and proceeded to trial, represented by counsel. Under such circumstances, requirement, if any, of preliminary hearing, was waived. State v. Keeble, Mo., 399 S.W.2d 118, 120–121[8, 9].

■ Appellant complains, point 3, of the admission in evidence of Exhibit E, the 22 Rosco revolver, serial No. 601052, as being immaterial to the charge of perjury and therefore prejudicial and inflammatory. Exhibit E was first mentioned by witness Wray in testifying from his official transcript of proceedings out of which the charged perjury arose. He testified that defendant stated, while previously on trial for carrying a concealed weapon, that the weapon, formerly Exhibit A and now Exhibit E, was not taken from his person by removal from his pocket. The State used Exhibit E in showing that it was one and the same with the revolver which appellant denied under oath having on his person and removed from his pocket by Officer Landers. The gun was thus material and relevant to the issue here, i.e., did appellant perjure himself in respect to whether he carried the gun concealed on his person as charged in the first trial? A similar situation existed in State v. Cusumano, Mo., 372 S.W.2d 860, 865[4], where testimony of police officers concerning cartridges they found was properly admitted as tending to show that deceased did or did not have or use pistol and that the only pistol involved was one owned by one who shot him, in perjury prosecution wherein state charged that defendant falsely testified that deceased had held a gun.

■ Point 4 charges an abuse of discretion in permitting the State to reopen its case and return Lylian Garrison to the stand to testify that she had competent authority to administer an oath to appellant while on his previous trial. In State v. Haun, Mo., 324 S.W.2d 679, the court permitted the State to reopen after it had rested to call a witness to prove venue in a rape

prosecution. What was said in that situation is dispositive of this charge: "Whether and under what circumstances it is proper to permit the state to reopen its case is within the discretion of the trial court. The trial court's action presently complained of indicates no abuse of that discretion and none has been demonstrated." 324 S.W.2d l.c. 682[6, 7].

■■ By points 5 and 7 appellant contends that "although the trial court is not required to supply a definition of reasonable doubt," the court erred in refusing his Instruction C which included a definition of reasonable doubt for the reason "that in the Court's Instruction No. 2 the Court states that the term reasonable doubt would be defined in other Instructions however the Court failed * * * to offer a definition of reasonable doubt * * *." This complaint was answered in State v. Wells, Mo., 305 S.W.2d 457, where, as here, the trial court gave an instruction on "reasonable doubt"; the court refused defendant's instruction which he said "properly defined the meaning of reasonable doubt," and no other instruction was given to define that term. The court held, l.c. 459[6], that the trial court did not err in refusing to define reasonable doubt, quoting from State v. Robinson, 117 Mo. 649, 23 S.W. 1066, 1069, " '* * * It is difficult to explain simple terms like "reasonable doubt" so as to make them plainer' " and State v. Talmage, 107 Mo. 543, 17 S.W. 990, 991, which commented critically on attempts to define "reasonable doubt" saying, " 'Reasonable doubt is reasonable doubt, and that is about all that can be said in regard to it.' " Obviously, if no definition of reasonable doubt is required (or even desirable), the court committed no error in failing or refusing to define it.

■ Point 6 also relates to appellant's refused Instruction C which he says "stated that the defendant was presumed innocent until proven guilty beyond a reasonable doubt * * *." No error may be laid to refusal of Instruction C on this ground be-

cause the court covered the presumption of defendant's innocence in given Instruction 5. State v. Kaempfer, 342 Mo. 1007, 119 S.W.2d 294, 296[4, 5].

By points 10 and 11 appellant charges that Instruction 3 "failed to instruct that the testimony of more than one credible witness must also establish the falsity of the statement beyond a reasonable doubt," and that his Instruction B on the same subject should have been given because it accurately instructed "with particular reference to the testimony of a witness with corroborating evidence or the testimony of several witnesses as to the falsity of any statement made by the defendant in a previous trial." The record refutes these contentions because Instruction 3 told the jury: "The falsity of such statement must be established * * * beyond a reasonable doubt, either by the evidence of more than one credible witness, or by one such witness strongly corroborated by other evidence of facts or circumstances which convince your mind of the truth of the testimony given by such witness, and * * * that the testimony of such witness, thus corroborated, establishes the falsity of such statement beyond a reasonable doubt." Thus, it may be seen that the instruction contains the matters said to be missing by appellant, and it fully informed the jury in what manner it must find defendant's allegedly false statement was impeached. State v. Kaempfer, supra, 119 S.W.2d l.c. 296[5]; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 335 [52].

█ Appellant claims further error in refusal of his Instruction B "which included terms touching the credibility of the witnesses in that the trial court wholly failed to instruct the jury at all on credibility of witnesses." The record does not show that any credibility instruction was requested; Instruction B can in no way be construed as a credibility instruction or request for such an instruction, and "it is not an instruction that the court is required by Sec. 546.070, to give as a part of the law of the case." State v. Drake, Mo., 298 S.W.2d 374, 377[9]; State v. Hester, Mo., 331 S. W.2d 535, 537[3].

The review required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that the amended information is in proper form and sufficient to comply with specific requirements of Section 557.030, V.A.M.R.; defendant was accorded a jury trial upon his plea of not guilty going to the amended information; the verdict is in proper form and is responsive to the issues; the punishment is within legal limits; the motion for new trial was considered; and allocution was granted.

Judgment affirmed.

Houser and Welborn, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.