**STATE of Missouri, Respondent,**

v.

**Logan BURTCHETT, Appellant.**

No. 56655.

Supreme Court of Missouri,
Division No. 1.

Jan. 10, 1972.

John C. Danforth, Atty. Gen., Alfred C. Sikes, Asst. Atty. Gen., Jefferson City, for respondent.

Wayne R. Starr, Jr., Independence, for appellant.

HOUSER, Commissioner.

This is an appeal from a judgment convicting Logan Burtchett of perjury and sentencing him to 2 years' imprisonment.

■ The information upon which this case was tried is fatally defective. The information was drawn under § 557.010, RSMo 1969, V.A.M.S.:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered, in any cause, matter or proceeding, before any court, tribunal or public body or officer, and whoever shall falsely, by swearing or affirming, take any oath prescribed by the constitution of this state, or any law or ordinance thereof, when such oath shall be legally administered, shall be deemed guilty of perjury."

Section 557.030, RSMo 1969, V.A.M.S., provides as follows:

"In any indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath was taken, averring such court or person to have competent au-

thority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality, together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same."

The information alleged " * * * that Logan Burtchett on or about the 3rd day of January 1969, at the County of Henry and State of Missouri did unlawfully, wilfully and corruptly and feloniously testify to a material matter in the case of the State of Missouri vs. James H. Sullivan while under oath, to-wit: that James H. Sullivan was in the Cozy Court Motel on U. S. Highway 40 in Jackson County, Missouri, on the morning of October 9, 1968, when in fact and truth the said James H. Sullivan was in Ray County, Missouri at said time, said act of testifying being in the Circuit Court of Henry County, a court an [sic] oath prescribed by the constitution of this state, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

The information wholly fails to allege that the oath was taken by the defendant before a court or person having competent authority to administer the same, as required by § 557.030, supra. Beginning with State v. Owen, 73 Mo. 440, followed and approved in State v. Biedermann, 342 Mo. 957, 119 S.W.2d 270 and lately reaffirmed in State v. Lafferty, Mo.Sup., 416 S.W.2d 157, 160 [1], it has been the rule that the failure of an indictment or information charging perjury to allege that the court or person before whom the defendant took the oath had competent authority to administer the oath renders the charge fatally defective.

The averment in question, specifically required by § 557.030, supra, is an essential averment of a necessary constituent element of perjury. This defect was not cured by the verdict because the information fails in an essential averment necessary in the description of the crime charged. It is not cured by the statute of jeofails, § 545.030, RSMo 1969, V.A.M.S., for the reason that the statute was intended to apply only to immaterial averments which are not necessary constituent elements of the crime charged. See State v. Bridges, Mo.Sup., 412 S.W.2d 455, 458 [5, 6].

The defect in the information requires the reversal of the judgment. Since the offense is not barred by limitations, §§ 541.200, 541.230, RSMo 1969, V.A.M.S., we remand to give the prosecuting attorney an opportunity to file a substitute information properly charging the offense, § 545.300, RSMo 1969, V.A.M.S., if he is so advised. State v. Bridges, supra; State v. Forsythe, Mo.Sup., 406 S.W.2d 633. If a substitute information is filed the draftsman will be well advised to follow the language of §§ 557.010 and 557.030, supra, and particularly to allege that defendant did "falsely" testify, which statutory word was omitted from the information on which this case was tried.

Reversed and remanded.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.