THE STATE v. HORN, *Appellant.*

Division Two, May 2, 1893.

1. **Criminal Practice:** EVIDENCE: MOTION FOR NEW TRIAL. Where no exception is taken in a motion for a new trial as to the exclusion or admission of evidence, the action of the court thereon will not be reviewed on appeal.

2. ——: INSTRUCTIONS: DUTY OF COURT. The trial court is not required to instruct the jury in a criminal case on matters not pertinent to the issues involved.

3. ——: ——: ——. Where the court instructed the jury that they were the judges of the evidence and might disregard the testimony of any witness whom they believed had sworn falsely, an exception taken on motion for a new trial to the failure of the court "to instruct the jury as to the attempted impeachment of the state's witnesses," was properly overruled.

*Appeal from Oregon Circuit Court.*—Hon. W. N. Evans, Judge.

Affirmed.

*Livingston & Green* for appellant.

*R. F. Walker*, Attorney General, for the state.

(1) No objections were made or exceptions saved at the time to the admission or exclusion of evidence, and the defendant will not be heard to complain. *State v. Taylor*, 98 Mo. 245. (2) The only way exceptions can be saved to matters occurring during the trial is by bill of exceptions. *State v. Musick*, 101 Mo. 260. (3) Not only must exceptions to errors occurring during the trial be preserved in and made a part of the bill of exceptions, but they must also be called to the attention of the trial court in the motion for a new trial. *State v. McDaniel*, 94 Mo. 301; *State v. Bulling*, 105 Mo. 204; *State v. Welsor*, 21 S. W. Rep. (Mo.) 443. (4) Instructions were given formally declaring the law, under section 3489, Revised Statutes, 1889, defining an assault with intent to kill with malice aforethought; under section 3490 for a felonious assault, defining self-defense, the technical words used in the indictment, and that defendant was a competent witness in his own behalf, and the presumption arising from the use of a deadly weapon. These were all in the form of instructions usually given in like cases, and are not objectionable. They were all that the evidence justified.

Burgess, J.—At the October term, 1889, of the circuit court of Howell county the defendant was indicted for felonious assault committed on one John L. Matthews by stabbing him with a knife. At the

July term, 1891, defendant made an application for a change of venue on account of prejudice of the inhabitants of Howell, Ozark and Douglass counties, which was granted by the court and the venue was changed to Oregon county. At the February term, 1892, of the Oregon circuit court the defendant was convicted and his punishment assessed at a fine of $100 and three months' imprisonment in the county jail. Defendant then filed motions for new trial and in arrest, which being overruled, he appealed to this court.

The evidence tends to sustain the charges in the indictment as well also as that defendant acted in self-defense. There is no question saved in the motion for a new trial as to the admission or exclusion of evidence.

No brief has been filed on the part of defendant. The case was presented to the jury in a carefully and well prepared set of instructions, no objection thereto being suggested in the motion for a new trial except a general one, and we have been unable to discover any after a very careful investigation of them. They were certainly very favorable to the defendant, and embraced every phase of the case suggested by the evidence. As no exception is raised in the motion for a new trial in regard to the admission or exclusion of evidence, the action of the court in that regard cannot be reviewed here. *State v. Musick*, 101 Mo. 260; *State v. McDaniel*, 94 Mo. 301; *State v. Welsor*, 21 S. W. Rep. 443.

Exception, however, is taken in the motion for new trial to the failure of the court to instruct the jury as to the attempted impeachment by the state for truth and veracity of several witnesses who testified on the part of defendant. While by section 4208, Revised Statutes, 1889, it is made the duty of the trial court to instruct the jury in writing upon on all questions of

law arising in the case which are necessary for their information in giving their verdict, and failure to do so when a defendant has been found guilty shall be good cause for setting aside the verdict, the court is not bound to instruct in regard to matters that are not pertinent to the issue involved. Not only this, but the court did instruct the jury that they were the judges of the evidence and the weight thereof, and the credit to be given to the testimony of each witness, and that if the jury believed any witness had sworn willfully falsely in regard to any material fact in issue, they should disregard such false statement, and might disregard the whole of such witness's testimony. Certainly this instruction meets the objection urged by the defendant, and this point must also be ruled adversely to him.

The record shows that defendant was fairly tried and the verdict of the jury is fully sustained by the evidence, and perceiving no cause for interfering with the judgment it is hereby affirmed, in which all concur.

