## THE STATE v. THOMSON, Appellant.

### Division Two, March 20, 1900.

1. **Instruction:** INCIDENTAL MATTERS: PRACTICE. The failure to give instructions on purely incidental and collateral matters arising in the trial, is not error.

2. **Embezzlement:** COLLECTION AGENT. Defendant was the sole proprietor of a collection agency, and appropriated $298 more than his agreed fees of money collected by him for a dry goods company from various persons. *Held,* that the relation of principal and agent between him and the company, was not changed to that of creditor and debtor by the fact that the company waited several months on him to pay the money rather than prosecute him criminally. His conduct constituted embezzlement.

State v. Thomson.

3. ———: DEFENDANT'S AGE. Defendant was a graduate of the law department of the University of Michigan, had been admitted to the State and Federal courts of Illinois, had lived and practiced law in Texas, and had represented various insurance companies in St. Louis for four or five years. *Held,* that the jury could not only use their own eyes in determining that defendant was over sixteen years of age, but there was ample evidence from which such fact could be found.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

AFFIRMED.

*Dodge & Mulvihill* for appellant.

(1) No evidence was offered on the part of the State tending to show that defendant, Thomson, was a person over the age of sixteen at the time of the alleged embezzlement, as charged in the indictment, although the court instructs the jury that they must believe and find from the evidence that the defendant at the time of its employment of agent was not a person under the age of sixteen years. (2) The evidence shows that Thomson was short to the extent of two hundred and eighty-nine dollars, and when ascertained, the company, through its representative, gave Thomson time to repay it, thereby creating the relationship of debtor and creditor. The time was extended twice and when not paid, Thomson was threatened with arrest. Defendant was therefore, simply a debtor to the Wm. Barr Dry Goods Company after the first visit to Harvey's office, when he was given time to repay the two hundred and eighty-nine dollars. All collections had been made and deposited in the name of the Surety Law and Collection Co.; the title to the money being in this company. State v. Shadd, 80 Mo. 358; Welch v. People, 17 Ill. 341; Stinson v. People, 43 Ill. 397; Com v. Stearns, 2 Metc. 347; Com v. Libby, 11 Metc. 64; State v. Kent, 22 Minn. 41.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, and *Thos. B. Harvey* for the State.

(1) The question to be determined in this case is, whether or not defendant can be convicted of embezzlement, he having an interest in the money collected, to-wit, ten per cent commission for his services. It is a principle, fundamental in character, that one can not steal, or commit the crime of larceny upon property belonging to himself. In other words, it must be the property of another before an indictment for larceny will lie. Nor can one be prosecuted for larceny of property though he have only a partial interest in it and be entitled to and have possession of it. In order to cure this grave evil and subject such persons to criminal punishment, the statute against embezzlement was enacted. Sec. 3549, R. S. 1889. It is not necessary that the conversion should take place while the agent is in the actual employment of the principal; if while in such employment he obtains possession of the goods or has them under his care or control, and after his dismissal or discharge as agent he converts them, he is guilty of the crime. State v. Pratt, 98 Mo. 482; State v. Findley, 101 Mo. 217. (2) The first point urged by appellant is that the trial court violated the injunction of section 4220, R. S. 1889, forbidding the court to "sum up or comment on the evidence," and appellant refers to many pages in the record where it is alleged this error appears. An examination will show that in not a single instance is appellant's contention sustained. But a conclusive answer to this point in appellant's brief is that no such ground or error is assigned in his motion for a new trial. State v. Jewell, 90 Mo. 467; State v. Alred, 115 Mo. 471. (3) Life is too short to waste time and energy in combating the proposition that the relation of debtor and creditor is raised and the crime expunged by giv-

ing the criminal an opportunity to return the stolen property and by charitably desisting from a hasty arrest of him.

GANTT, P. J.—At the October term, 1898, of the circuit court of the city of St. Louis, an indictment was found against the defendant charging him with the embezzlement of $289 from the William Barr Dry Goods Company, a business corporation.

The defendant was duly arraigned and entered his plea of not guilty.

The evidence disclosed these facts:

The defendant graduated in law at the University of Michigan, Ann Arbor. He was born at West Bay City, Michigan, where his parents resided at the time of the commission of the alleged offense. After receiving his diploma at the law school he went to Chicago, where he remained four or five years, leaving there for Texas. The record does not state how long he remained in Texas, but after leaving there, he was engaged in selling the stock of a building and loan association of St. Louis. In May, 1897, he organized the "Surety Law and Collection Company," and had his office in the Allen building, at Fifth and Market streets, St. Louis. Defendant was never admitted to practice law in this State. The Surety Law and Collection Company was not a corporation. Its membership consisted of Charles W. Gottschalk and the defendant. In August, 1897, Mr. Wyatt purchased the interest of Mr. Gottschalk, who at that time retired. Wyatt remained with the firm but a short time when he also retired therefrom. During the fall and summer of 1897, the William Barr Dry Goods Co. placed in the hands of the defendant for collection a number of claims against divers citizens of St. Louis. In addition to the claims of the Wm. Barr Dry Goods Co., the defendant obtained for collection six or eight thousand dollars worth of claims of like character from different firms in St. Louis against persons residing in that city. Among those re-

ceived from the Wm. Barr Dry Goods Co., were accounts against David I. Field, Mary L. Crehon, John Slaughter, Hugh Gonigle, ——— Clark and David Bailey. Some of these claims the defendant reduced to judgment and from time to time collected certain amounts upon them. The amounts so collected in the aggregate are as follows: Field, $116; Crehon, $97.63; Slaughter, $40; Gonigle, $75; Clark, $40; Bailey, $60. Of these several amounts the defendant paid to the Wm. Barr Dry Goods Co., $130.63, leaving a balance of $298, being the amount described in the indictment, which he failed to turn over to them.

There was an oral contract between the Wm. Barr Dry Goods Co. and the defendant, by which he was to receive ten per cent of all amounts collected. In the early part of 1898, the dry goods company sent out statements to the several parties whose accounts they had placed in the hands of the defendant for collection. From these statements it developed that the defendant had collected certain amounts due on the claims and failed to report to the company or to turn the money in. This discovery having been made, the matter was placed in the hands of Judge Harvey, an attorney at St. Louis, who took the matter in hand, which resulted in the indictment in question and the defendant's conviction thereon. The contract between the defendant and the William Barr Dry Goods Co., as above referred to, was made by Mr. Charles Bauer, an employee of the company, who had special charge of its collection department. While on the stand, the defendant admitted that he had made the collections in question and had not paid the same to his client, but undertook to show that he had an arrangement with Judge Harvey and the prosecuting witness, by which he was to be given time in which to make good the loss.

Immediately after this matter was placed in Judge Harvey's hands, the defendant discontinued the collection business in St. Louis and went to Alton, Illinois, where he became the

employee of a real estate and loan company.   He did not con-
tinue in this business long until he moved to Chicago and en-
gaged in the insurance business.   He was arrested at Bay City,
Mich., in the month of June, 1898, while in attendance at his
mother's funeral.

The plea of not guilty was entered.   Defendant was put
upon trial and found guilty, his punishment being assessed at
two years' imprisonment in the penitentiary.

After the State had concluded the introduction of its tes-
timony, the defendant's attorney filed a demurrer to the evi-
dence and asked the court to instruct the jury to return a ver-
dict of not guilty.   This instruction was refused.

The indictment is in all respects sufficient to charge an
offense under section 3549, Revised Statutes 1889.

The instructions fully covered every feature of law aris-
ing under the evidence.   Those asked by the defendant and
refused had already been included in the court's instructions.

There was no error in failing to instruct on the flight of
defendant.   The court did not tell the jury that any presump-
tion of guilt was raised by defendant's leaving the State, and
no possible harm could arise to the defendant by failing to tell
them that flight was evidence of guilt.   The failure to give
instructions on purely incidental and collateral matters aris-
ing in the trial is not error.   [State v. Horn, 115 Mo. 416.]

There was no conflict in the instructions.   Moreover they
were exceedingly favorable to defendant, as were all the other
rulings of the court.

The defendant was the agent and collector of the Wil-
liam Barr Dry Goods Company.   His own voluntary state-
ment showed that he owed the company two hundred and
ninety-eight dollars of its money which he had collected for it
from their customers on accounts placed in his hands for that
purpose.   The evidence very conclusively showed that his
former partners had no part in the collection of this money

and that he alone was responsible for the debts of the concern. There is not the slightest evidence tending to connect them with the withholding of any portion of the money he is charged to have embezzled. The defendant's own testimony convicted him of collecting considerable sums from the customers of the company which he concealed in his subsequent reports on said claims. The claim that the relation of creditor and debtor and not that of principal and agent was created because the counsel for the dry goods company waited several months on defendant rather than prosecute him criminally, is without merit.

It is also urged that the proof was not sufficient that defendant was over sixteen years. The defendant was a witness on the stand and the jury were required to find as a fact that he was over sixteen years old. Not only could they use their eyes in determining that fact, but the defendant testified that he was a graduate of the University of Michigan, in the law department; that he was licensed to practice law in the courts of Illinois and the Federal courts at Chicago; that he had been admitted to the bar in Texas and had represented various insurance companies in St. Louis for four or five years. There was ample evidence before the jury from which they could find he was over sixteen years old.

Considerable complaint is made that the circuit judge orally instructed the jury and that the court expressed opinions on the evidence before the jury. We have carefully read the record on this point and it shows that the only foundation for this charge is that the court on several occasions stated what evidence was admissible and what was not and the grounds of his rulings. No exceptions were saved at the time to his action in so doing. It was entirely proper for him to do so and this moreover was not assigned as error in the motion for new trial.

As to the point that the demurrer to the evidence should have been sustained because the evidence showed the crime

was committed three years before the indictment was found, we think it conclusively shows that all the relations between the parties commenced within less than three years and of necessity the embezzlement if any occurred within the three years. The proof was sufficient to sustain the indictment and as no error occurred in the admission or rejection of evidence or in the instructions, the judgment must be and is affirmed. *Sherwood* and *Burgess, JJ.*, concur.