THE STATE v. FRANK D. GEBHARDT, Appellant.

Division Two, May 18, 1909.

1. **EMBEZZLEMENT: After Date Alleged in Information.** Where the information charges that the embezzlement was committed on a certain day and defendant is shown to have received $12.50 on that date, it is competent to show that subsquently he received other moneys which made the entire amount embezzled prior to the filing of the information $39.75 as charged therein. Time is not of the essence of the information, and the State is not to be restricted to the amount embezzled prior to the date named therein, but it is sufficent to state any date within three years prior to filing the information.

2. ————: **Different Amounts On Different Dates: One Offense.** Defendant, a trusted agent for the collection of rents, insists that if his employer's money received by him was received at different times in separate amounts then each embezzlement constituted a separate and distinct offense, and as neither of the amounts received at one time amounted to thirty dollars, the offense at most was but a misdemeanor. *Held*, untenable, under the statute (Sec. 2531, R. S. 1899). Where there is but one count in the information, the charge being that defendant within three years next preceding the filing of the information, as a collector of rents, embezzled $39.75 from his employer, the charge is sustained by proving an embezzlement by him

of different amounts aggregating said sum within the time limited by the statute, and the court did not err in so instructing the jury.

3. ———: **Defendant's Age: No Formal Proof: Attorney: Presence at Trial.** Where the statute requires the defendant to be over sixteen years of age, and there is no formal or direct proof that he was over sixteen, yet the evidence shows that he was an attorney at law and a member of the bar of the court in which the trial took place, and that he was present at the trial and assisted in the examination of witnesses, the court did not err in expressly submitting the question of his age to the jury and in requiring them to find he was over sixteen years of age, for three reasons: (1), our statutes require an attorney to be twenty-one years of age, and courts will take judicial cognizance of that fact; (2), courts are frequently called upon to act upon evidence addressed to the senses, often called view or inspection, and to recognize without proof that the person before them is an aged person, or a male or a female, etc., and defendant was present at the trial and the jury and court were authorized to determine from his appearance, without the testimony of witnesses, that he was over sixteen; and (3), if witnesses had been called they could have testified to no more than the jury saw, namely, that from his appearance he seemed to be over that age.

4. ———: **Evidence of Agency.** The evidence is set out in the statement, and *held* sufficient to show that defendant received the money collected as rents on houses owned by another in his capacity as an agent of such owner.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*James Orchard* and *E. R. Lentz* for appellant.

(1)   The information alleges that the offense was committed on the 11th day of December, 1906, thus charging but one offense. The time is not laid with a *continuando,* so as to include other offenses committed after that date, but alleges a day certain, and does not inform the defendant that he is required to meet any other charge of an offense committed on any other day. Every traversable fact must be alleged with time. It

is usually necessary both at common law and under the statute to state some particular day. 10 Ency. Plead. and Prac. 511-513; Jane v. State, 3 Mo. 61; State v. Hayes, 24 Mo. 358. (a) The doctrine is familiar that, if it is necessary to allege a fact, it is necessary to prove it. (b) In this case the proof shows that defendant received $12.50 on the 11th day of December, 1906; $8 in the latter part of December, date does not appear; $2.50 on January 13, 1907; $12 on January 16; 25 cents on February 16, and $5 on March 2, 1907, making a total of $40.25, but the information does not inform defendant that he is charged with embezzling any money received by him on any other day than December 11th. Besides, the prosecuting witness says that defendant made repairs on his property and that the bills for labor and material amounted to seventeen dollars and some cents. So that the total amount defendant could have embezzled was about $23 which reduces the offense, if any, to the grade of a misdemeanor, and will not sustain a conviction for a felony. (c). When the offense may have been continuous, the time may be laid with a *continuando,* that is, it may be laid to have been on a single day certain and also on divers other days without charging more than one offense, but those other days must be alleged with the same legal exactness which is required in alleging a single day. 10 Ency. Plead. and Prac., 517, 518. (2) The demurrer to the testimony should have been sustained for the reasons: 1st. There was absolutely no testimony to show that defendant was over sixteen years of age. This is an essential element of the offense and must be proven as a fact. The jury could not find this fact without evidence to that effect. 2nd. There was no competent evidence that defendant had ever been employed by the prosecuting witness, either as attorney, agent or collector. The information charges as one of the essential elements that defendant occupied the relation of attorney, agent or collector to the prose-

State v. Gebhardt.

cuting witness, and the proof must establish this rela-
tion, and show that the money embezzled came to him
by virtue of that relation.    State v. Brown, 171 Mo.
477.  (3) The evidence clearly establishes that if the
defendant was guilty of embezzling any money, it was
less than thirty dollars, and the offense was at most
a misdemeanor and the jury should have been so in-
structed.   The failure of the court to so instruct con-
stitutes reversible error. State v. Musick, 101 Mo. 260;
State v. Thompson, 137 Mo. 620.

*Elliott W. Major,* Attorney-General, and *James T.
Blair,* Assistant Attorney-General, for the State.

(1)   The information follows the statute and the
precedents.   Sec. 1912, R. S. 1899; State v. Wissing,
187 Mo. 99; State v. Shour, 196 Mo. 206; State v. Lips-
comb, 160 Mo. 138; State v. Manley, 107 Mo. 368.   (2)
The record justifies the lower court's action in sub-
mitting the case to the jury.  (a) That defendant was
Treece's agent and collector is shown by the evidence.
Further, defendant admitted the relation both express-
ly and by implication.   State v. Lentz, 184 Mo. 229;
State v. Silva, 130 Mo. 462; 2 Bishop's New Crim. Law,
sec. 339; 1 Wharton's Crim. Law, sec. 1053a. (b) The
receipt by defendant in his capacity as agent of sums
aggregating more than thirty dollars, is too clearly
shown by this record to require comment. (c) There
was sufficient evidence to justify, fully, the jury's find-
ing of the conversion and the unlawful intent.   De-
fendant ignored Treece's letters; made frivolous ex-
cuses when Treece in person confronted him; failed to
keep his promise to "fix it up all right in a few days;"
falsely denied the collection of part of the money;
made conflicting statements; made claims as for ex-
penditures which the jury on the evidence could rea-
sonably have found to be false; and failed altogether to
pay Treece what was due him.   This, under the au-

thorities, was amply sufficient to authorize the submission of the criminal intent to the jury and supports their finding of defendant's guilt. State v. Adams, 108 Mo. 214; 1 Wharton's Crim. Law, sec. 1053; State v. Lentz, 184 Mo. 240; 1 McLain on Crim. Law, secs. 640, 641; 2 Bishop's New Crim. Law, 376, 377; State v. Rigall, 169 Mo. 664; State v. Merkel, 189 Mo. 320; State v. Cunningham, 154 Mo. 180; State v. Silva, 130 Mo. 464. While it is true that an evil intent is a necessary element of embezzlement (State v. Reilly, 4 Mo. App. 397) it is also true that this intent may be, in fact, it generally must be, proved by circumstantial evidence. Authorities, supra; State v. Porter, 26 Mo. 209; State v. Schilb, 159 Mo. 140. (d)  The statute on which this prosecution is based requires that the defendant be over sixteen years of age. Sec. 1912, R. S. 1899. The information charges defendant properly in  that  respect and the court submitted the question to the jury, who evidently found the fact in accordance with the instruction.  But there is no direct testimony in the record on the point.  It is in evidence, however, that defendant was an attorney at law in Poplar Bluff, with an office in that city, and was a candidate for city attorney of Poplar Bluff.  In addition, the presumption is and the record shows that defendant was present in person  at  the  trial.  State  v.  Long,  209  Mo. 381;  State  v.  Cunningham,  154  Mo.  178;  State v.  Thompson,  155  Mo.  300.  The  statute  requires an attorney at law  to be twenty-one years of age.  It is a fact of which courts will take judicial notice.  Booth v. Bldg. Assn., 18 App. Div. (N. Y.) 409. Also it has been said that: "Where the appearance of the prisoner sufficiently indicates his probable age, that may be acted upon as evidence of the fact."  People v. Justices, 10 Hun  (N. Y.) 225; Garoasky v. Simkin, 36 Misc. (N. Y.) 196; People v. Ragone, 54 App. Div. 499; Com. v. Emmons, 98 Mass. 8; Com. v. Hollis, 170 Mass. 435; Garvin v. State, 52 Miss. 209.

GANTT, P. J.—This prosecution was commenced by the prosecuting attorney of Butler county filing in the circuit court of said county an information wherein he charged that the defendant on or about the 11th day of December, 1906, at the county of Butler, State of Missouri, being then and there the attorney, agent and collector of one John W. Treece, the said Frank D. Gebhardt not being then and there a person not under the age of sixteen years, then and there by virtue of such employment and office of attorney, agent and collector as aforesaid, did have, receive and take into his possession and under his care and control, certain money to the amount and value of $39.75, the same being then and there lawful money of the United States of the value of $39.75, the money and personal property of the said John W. Treece, the employer of him, the said Frank D. Gebhardt, and that the said Frank D. Gebhardt the said money then and there unlawfully, feloniously, fraudulently and intentionally did embezzle and convert to his own use without the assent of the said John W. Treece, the owner of said money, and with the unlawful, felonious and fraudulent intent then and there to deprive the owner, the said John W. Treece, of the use thereof, against the peace and dignity of the State.

The defendant was duly arraigned and pleaded not guilty and was tried and convicted, and his punishment assessed at two years in the penitentiary. In due time he filed his motions for a new trial and in arrest of judgment, which were overruled, and he was sentenced in accordance with the verdict and from that sentence he has appealed to this court.

The evidence tended to show that John W. Treece was the owner of three houses in Poplar Bluff. Treece lived in Fredericktown, Missouri, and the defendant resided in Poplar Bluff and was an attorney at law. It appears that a Mr. Armstrong was an agent of Treece to rent this property, but he had died prior to

the trial of this cause. Prior to Armstrong's death and at his suggestion, the agency of this property had been conferred upon the defendant. The evidence tended to show defendant's agency for Treece, both by his oral statements to Treece and to the tenants and by the receipts which he gave for the rent. From these receipts it appeared that from December 11, 1906, to March 2, 1907, the defendant collected from these tenants at different times rents aggregating a little more than forty dollars. It appears that Treece wrote the defendant several letters in regard to the rent, none of which defendant answered. Whereupon on or about the 8th or 9th of March, 1907, Treece went to Poplar Bluff and attempted to secure a settlement with the defendant. The defendant made various excuses for not settling, but promised to fix it up all right in a few days. Some days later they met and the defendant admitted having collected $24.50 from George W. Reyister, one of the tenants, but denied having collected any other money. Being told by Treece that other tenants had receipts for other payments to defendant, defendant then declared he sent the money to Armstrong.

Defendant also made the claim that he had expended $17 of the $24.50 collected by him for repairs, which claim Treece repudiated, stating that he had never authorized any repairs. The evidence, however, tended to prove that defendant had not paid out this sum for repairs. Treece told the defendant that he would pay these bills and did later pay them.

Treece testified that he was never able to get any settlement of the rents with defendant on any basis and that defendant had never paid him any part thereof. The defendant offered no evidence and the cause was submitted to the jury under instructions of the court. Various errors are relied upon by the defendant for the reversal of the judgment.

I.  It is insisted that because the information alleges that the embezzlement was committed on the 11th day of December, 1906, and as the defendant was shown to have received only $12.50 on that date, it was not competent for the State to show subsequent payments of rent to the defendant which increased the amount to about $40 prior to the time of filing the information. In other words, it is insisted that the State should be restricted to the amount it named in the information. This contention is obviously without merit as time was not of the essence of the offense, and it was sufficient to state any date within three years prior to the filing of the information and the court so instructed the jury, and there was no error in so doing.

In this connection we are called upon to consider the insistence of counsel for the defendant, that if this money was received at different times in separate amounts, then each taking constituted a separate and distinct offense and as neither of the amounts received at any one time amounted to more than thirty dollars, the offense at most was but a misdemeanor and the court erred in not so instructing the jury.  This is by no means a new question in this State.  In State v. Shour, 196 Mo. l. c. 214, it was said by this court:

"It is insisted by appellant that he is charged in the information with embezzlement of a specific sum of money upon a certain day from an incorporated company, hence the court committed error in permitting the State to show all the transactions of the defendant as secretary of the loan association and the receipt of different smaller amounts than that charged at various times during the period of three years prior to the filing of the information.

"The rule of law as applicable to this proposition is no longer an open question in this State; it is clearly and correctly stated in the case of State v. Pratt, 98 Mo. l. c. 491, in which it was held that 'where the offense of embezzlement is committed by a trusted ser-

vant, agent, clerk, etc., and where, as here, the abstraction occurred daily or whenever cupidity prompts, it is an impossible thing to describe the identical money taken or the precise date upon which it was taken; and it was this impossibility which occasioned the enactment of section 1817 [now sec. 2531, R. S. 1899], which was borrowed from an English statute, and for a similar reason, section 1821, Revised Statutes 1879 [now section 2535, R. S. 1899] was passed.' The law as announced in that case has met the approval of this court in the recent cases of State v. Wise, 186 Mo. 42; and State v. Wissing, 187 Mo. 96. The testimony in the Wise case tended to prove the receipt by the defendant of money at different dates, which amount aggregated the sum charged to have been embezzled in the information. It was expressly ruled in that case that the defendant, who was the secretary of a benevolent organization, notwithstanding he had received the amounts of money at different dates during his term of office, was in default for the whole sum, and that the substantive charge of embezzlement was supported by proof of the receipt at different dates of the amount he was charged to have embezzled and one conversion of the whole."

In the Wissing case, it was said by this court that "where there is but one count in an information, the charge being that defendant within three years next preceding the filing of the information embezzled a certain sum of money of the Crocker-Wheeler Company, a corporation, etc., the charge is sustained by proving the embezzlement by him of any such sum or portion thereof, as set forth in the instructions, within the time limited by statute."

The law announced in the foregoing cases must govern in this, and the court committed no error in admitting this testimony, and in instructing the jury as it did in its first instruction.

II. The statute on which this instruction is based requires that the defendant be over sixteen years of age. [Sec. 1912, R. S. 1899.] The information properly charges the defendant in this respect and the court expressly submitted the question to the jury as to whether the defendant was over sixteen years of age. They evidently found that fact to be true, but it is earnestly insisted that the evidence was wholly insufficient to warrant conviction, as there was no evidence that defendant at the time of the alleged commission of the offense was over sixteen.

It is true there is no direct testimony in the record on' this point. There is evidence, however, that the defendant was an attorney at law in Poplar Bluff with an office in that city and was a 'candidate for city attorney of Poplar Bluff at the time the prosecuting witness went there for the purpose of making a demand for these rents. As this was a trial for felony and the defendant was shown to have been present in person at the commencement of the trial, every presumption will be indulged that he was in fact present. The question presented then is whether there was evidence sufficient to warrant the submission of the case to the jury as to the age of the defendant.

In State v. Cunningham, 154 Mo. l. c. 178, it was said by BURGESS, J., for this court: "The evidence showed that the defendant at the time of the trial was about forty-five years of age. In fact there is no pretense that he was under sixteen years of age at the time of the commission of the offense, and while the statute under which he was indicted applied only to persons over that age, defendant was in no way prejudiced by the failure of the instruction to submit the question of his age to the jury; still it would be less objectionable if it did so. But the judgment should not be reversed upon that ground alone."

In State v. Thomson, 155 Mo. 300, the point was presented to this court under conditions similar to

those disclosed by this record. In that case it was said by this court: ''It is also urged that the proof was not sufficient that defendant was over sixteen years of age. The defendant was a witness on the stand and the jury were required to find as a fact that he was over sixteen years old. Not only could they use their eyes in determining that fact, but the defendant testified that he was a graduate of the University of Michigan, in the law department; that he was licensed to practice law in the courts of Illinois and the Federal courts at Chicago; that he had been admitted to the bar in Texas and had represented various insurance companies in St. Louis for four or five years. There was ample evidence before the jury from which they could find he was over sixteen years old.''

Our statutes require an attorney at law to be twenty-one years old. This is a fact of which courts will take judicial cognizance. Courts are frequently called upon to act upon evidence addressed to the senses, often called view or inspection, and to recognize without further proof that the person before them is an aged person, male or female, a child, a boy or a girl, white or black, a person with or without physical deformity of limbs and the like. [People ex rel. Ziegler v. Justices, 10 Hun l. c. 225, 226.] In Garvin v. State, 52 Miss. l. c. 209, the court said: ''No error is perceived in the charges. By one of them the jury were instructed that inasmuch as the indictment described the defendant as being a colored person he must be shown to be such by proof, but that actual profert of him before them was sufficient if they were satisfied, from their inspection, that he was colored. It is urged that this was erroneous, because it is said that the jury can know nothing except by the testimony of witnesses. This is not true as to physical facts, which may be brought to their attention by ocular demonstrations. It would not be necessary to prove by other testimony than profert of the party that he was 'a person,' or a 'man,' if

so described in the indictment. Under certain circum-
stances jurors may use their eyes as well as their
ears.''

To say that the defendant was not identified or
pointed out to the jury, so that they could not exercise
their judgment from a general view of the defendant,
is utterly unreasonable, in view of our law which re-
quires his presence, and the disclosures of this record
which shows that the defendant in part conducted his
own defense by making objections to testimony. There
is another consideration. While this court is not in the
position that the circuit court was, when this proposi-
tion was first presented to it, the defendant is repre-
sented by counsel, who earnestly urges a reversal of
this judgment, and in so doing spoke of the defendant
as an attorney, who for a number of years had borne a
good reputation in that section of the State. After all
these facts are considered it seems to us, to reverse
this judgment because some witness was not called to
formally testify to defendant's age, would be a re-
proach to the administration of justice. If witnesses
had been called they could in all probability have mere-
ly testified to the same appearance which the jury wit-
nessed. The defendant could not have been required
to testify without violating his constitutional right not
to furnish evidence against himself. The circuit judge
saw the defendant and must be presumed to have
known him as a member of the bar of his circuit and
he approved the verdict.

Jealous as we are of the rights of a defendant, we
feel absolutely assured that no possible prejudice re-
sulted to him, by the failure to make this formal proof
that he was over sixteen years of age. The court did
not err in refusing defendant's first instruction on this
point as it had already required the jury to so find.

III. The final proposition is that the evidence did
not show that defendant received the money in his ca-

pacity as an agent of Treece. On this point, we think the evidence abundantly established that defendant was the agent of Treece and by. virtue thereof demanded and collected the rents and gave receipts therefor as agent, and the jury were so justified in so finding.

After a careful review of every line of the record, we are of the opinion that the defendant had a fair and impartial trial and there is no reversible error in the record.

The judgment is affirmed. *Burgess* and *Fox, JJ.,* concur.