## THE STATE v. R. H. GIBSON, Appellant.

### Division Two, June 20, 1912.

1. **INDICTMENT: Uttering Forged Instrument: Selling Forged Instrument.** An indictment charged in effect that the defendant feloniously had in his possession a falsely made, altered and forged note, and that he feloniously sold the said falsely made, altered and forged note, with the wilful, etc., intent to have the same altered or passed. *Held,* that such indictment cannot be held valid under any section of the statutes. Under Sec. 4654, R. S. 1909, it is necessary that the defendant have the instrument with intent to utter it or cause it to be uttered. No such allegation is made in this indictment. Section 4655 requires that the instrument shall be sold or exchanged with intent to have it *uttered* or passed. The allegation in the indictment that the sale was made with intent to have the note *altered* or passed, invalidates it under Sec. 4655.

2. ———: ———: **Secs. 4643 and 4644, R. S. 1909.** Sections 4643 and 4644, R. S. 1909, refer only to instruments purporting to be executed by banks.

Appeal from Washington Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*M. E. Rhodes* and *Byrns & Bean* for appellant.

(1) The court erred in overruling defendant's motions for a new trial and in arrest of judgment. (2) The court erred in overruling defendant's motion to. quash the indictment. State v. Calvert, 209 Mo. 286; State v. Crossman, 214 Mo. 242; R. S. 1909, sec. 5055. (3) There was not a scintilla of evidence in this case tending to show defendant guilty of the offense charged in the indictment. State v. Standifer, 209 Mo. 264; State v. Webster, 152 Mo. 87. The court erred in refusing to instruct the jury to find defendant not guilty.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

The indictment, drawn under section 4651, con-- tains all the essential elements necessary to constitute the crime therein defined. All of the material ingredients of same are charged in the indictment. It is good, concise and sufficient. R. S. 1909, sec. 4651; State v. Stark, 202 Mo. 210; State v. Hathhorn, 166 Mo. 299; State v. Turner, 148 Mo. 206; State v. Standifer, 209 Mo. 264.

ROY, C.—The defendant was convicted in the circuit court of Washington county, and sentenced to two years in the penitentiary under an indictment filed March 14, 1911, of which the material parts are as follows:

"The grand jurors for the State of Missouri, summoned from the body of Washington county, impaneled, charged and sworn, upon their oaths, present that R. H. Gibson, late of the county aforesaid, on the —— day of March, 1910, at the said county of Washington, State aforesaid, did then and there wilfully, unlawfully and feloniously have in his custody and possession a certain falsely made, altered, forged

and counterfeited promissory note purporting to be made by R. H. Gibson and W. W. Turner, which falsely made, altered, forged and counterfeited promissory note is as follows, that is to say:

" '$310.00.                                    March 1, 1910.

" 'One year after date, for value received, I promise to pay to the order of J. J. Townsend three hundred ten dollars, at Belgrade, Mo., with interest after date at the rate of 8 per cent per annum, and if not paid at maturity and collected by an attorney or by legal proceedings, an additional sum of 10 per cent on the amount of this note as attorney's fee.

No......., Due March 1, '11.            , R. H. GIBSON,
                                        W. W. TURNER.'

"And the said R. H. Gibson, did afterwards, to-wit, on the day and year aforesaid, at and in the county aforesaid, wilfully, unlawfully and feloniously, with intent to injure and defraud, did sell, exchange and deliver the said falsely made, altered, forged and counterfeited promissory note to one J. J. Townsend, in the county of Washington, State of Missouri, with the wilful, unlawful and felonious intent to have the same altered or passed, he, the said R. H. Gibson, then and there knowing the said promissory note to be falsely made, altered, forged and counterfeited, against the peace and dignity of the State."

The indictment cannot be held valid under any section of the statute.

Under section 4654 it is necessary that the instrument shall be in the defendant's possession, with the intent on his part to *utter*, or cause the same to be *uttered*. No such allegation is made in the indictment. Section 4655 requires that the instrument shall be sold or exchanged with the intent on defendant's part to have the same *uttered* or passed. The indictment alleges that the sale was made to Townsend with the intent to have the same *altered* or passed.

It needs no discussion of authorities to show that the use of the word "altered" in that connection instead of the word "uttered" invalidates the indictment.

Sections 4643 and 4644 apply only to instruments purporting to be executed by a bank.   [State v. Milligan, 170 Mo. l. c. 223.]

.The judgment is reversed and the cause remanded. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court.   All the judges concur.