EX PARTE EMMONS SYDNOR, PETITIONER.*—10 S. W. (2d) 63.

St. Louis Court of Appeals. Opinion filed October 16, 1928.

*Corpus Juris-Cyc. References: **Habeas Corpus,** 29CJ, section 11, p. 20, n. 47; section 34, p. 43, n. 39; Indictments and Informations, 31CJ, section 209, p. 680 n. 64; section 215, p. 684, n. 24; p. 685, n. 29; section 238, p. 693, n. 16.

*Huston & Dyer* for petitioner.

*Alvin H. Juergensmeyer* for respondent.

PER CURIAM:—Proceedings in *habeas corpus*. Petitioner was charged by information of the prosecuting attorney for Warren county, Missouri, with a violation of the prohibition laws, i. e., having intoxicating liquor in his possession. The information does not at any place either in the body of the information or elsewhere charge that the offense was committed on a certain day, month or year, leaving the time absolutely blank, except as follows: "A. D., 19—."

Petitioner pleaded guilty; was sentenced to six months in jail and $200 fine. This was on the 23rd day of August, 1928. Petitioner after about four days sought to appeal to the circuit court. It seems that the appeal was first allowed, and then the justice refused such appeal and bond, and still refuses such. On October 3, 1928, we issued our writ of *habeas corpus*. Hearing was had and the issues are: Does the information state an offense and may we now by *habeas corpus* test it?

It can no longer be doubted that if no information is filed charging a violation of the laws of the State, the court below acquires no jurisdiction of the case. All proceedings thereunder are a nullity. [31 Corpus Juris, 559; Kelley's Criminal Law and Practice (3 Ed.), sec. 238a; State v. Levy, 119 Mo. 434, 24 S. W. 1026; State v. Rosenblatt, 185 Mo. 114, 83 S. W. 975.]

Furthermore, *habeas corpus* is the proper remedy where the information filed is insufficient to charge an offense, even though defendant has pleaded guilty and lost his right to appeal. [29 Corpus Juris, pp. 34-43; 12 Ruling Case Law, 1190; Ex parte Thamm, 10 Mo. App. 595; Ex parte Karnstrom, 249 S. W. 595.]

Now is the information wholly a nullity because it does not charge that the offense was committed during the period of one year preceding the filing of the information? The rule which we adopt, and which we think is clearly correct and in accord with our decisions in this jurisdiction, is that although much of imperfection of an indictment or information may be disregarded after judgment, yet the information or indictment must always, whether time be of the essence of the offense or not, state in some manner that the crime is charged as having been committed within the period so as to avoid the operation of the bar of the statute. If the information, though omitting the day and month, yet showed the year or a period within a year, it would be sufficient, since it would show that the prosecution is not barred. [31 Corpus Juris, 684; 22 Cyc. 316; Ledbetter v. United States, 170 U. S. 606.] And so are the cases very generally. Notwithstanding section 3908, Revised Statutes Missouri, 1919, this is the accepted view of our own courts. [State v. McGrath, 19 Mo. 678; State v. Martin, 204 S. W. 537.]

Commissioner RAILEY, speaking for our Supreme Court, in State v. English, 228 S. W. 746, l. c. 749, recognizes this rule, for there it is said: "In considering this information and said Instruction 3, time is not the essence of the offense except in so far as it *was necessary* to show it had been committed *within three years* immediately preceding the filing of the information." [Italics ours.] [See, also, State v. Gebhardt, 219 Mo. 708, 119 S. W. 350.]

It is true there are cases in which language is used in a broad sense which might lend support to the view that this information is sufficient at this stage of the case. Yet the direct authorities and the general rule are clearly to the effect that the instant information is no charge upon which a conviction either by plea of guilty or upon trial may be permitted to stand. Petitioner discharged.