STATE v. JOHN DOBBINS, Appellant.—No. 38547.—174 S. W. (2d) 171.

Division Two, October 4, 1943.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

TIPTON, J.—An information was filed in the circuit court of Iron County, Missouri, charging that on April 10, 1940, the appellant uttered a forged and counterfeited instrument, a check purported to be made and signed by Mrs. Nell Mann. On a change of venue, the case was tried in the circuit court of Washington County, and the appellant was found guilty as charged, and his punishment was assessed at imprisonment in the penitentiary for two years.

The evidence tended to support the following facts: On April 5, 1940, Anthony Reed wrote a check in the amount of $20.00 and signed his aunt's name, Nell Mann. He cashed the check at the place of business of the appellant and Carl Roegner. The appellant and Roegner went to the home of Mrs. Nell Mann, and she told them the signature which purported to be hers was a forgery. The Cashier of the Farmers State Bank at Ellington told appellant that the check was a forgery. Later, on April 10, 1940, the appellant took the check to the place of business of Charles Eiseman, located at Ironton, Missouri, where the check was cashed by appellant. In cashing the check, appellant paid for groceries in the amount of $3.09, and received $16.91 in change. There was no conversation in reference to the check at the time it was cashed, and appellant did not inform Eiseman that the check was a forgery.

The information was based on Section 4583, R. S. Mo. 1939, and that Section reads:

"Every person who shall sell, exchange or deliver, or offer to sell, exchange or deliver, for any consideration, any falsely altered, forged or counterfeited instrument or writing, the forgery of which is declared punishable, except as in the last section is excepted, knowing the same to be forged, counterfeited or falsely altered, with the intention to have the same uttered or passed, shall, upon conviction, be adjudged guilty of forgery in the fourth degree."

In his motion for a new trial, appellant contends that his demurrer to the evidence should have been sustained. He, first, contends that he made no representation by word or action that the check was genuine. It is true that he did not state that the check was genuine, but he did buy groceries and paid for them with the check, [172] and received in cash the balance of the amount of the check. This certainly is sufficient evidence for the jury to find that appellant represented the check to be genuine. State v. Johnson, 333 Mo. 1008,

63 S. W. (2d) 1000. There was no evidence that he represented, in any manner, that the check was not genuine.

We are, also, of the opinion that the evidence is sufficient to show that the appellant did intend to defraud Eiseman, the person named in the information. The trial court properly overruled the demurrer to the evidence.

Appellant contends the information should have been based upon Section 4571, R. S. Mo. 1939. That Section applies "only to instruments purporting to be executed by a bank." State v. Gibson, 244 Mo. 215, l. c. 218, 148 S. W. 947. This instrument was purported to be executed by an individual. His motion to quash the information was properly overruled.

Appellant, also, contends that the venue was not proven to be in Iron County, Missouri. Eiseman testified that appellant bought merchandise from him at his place of business at Ironton, in Iron County, Missouri. There is no merit in this contention.

The trial court permitted the State to introduce the check in question after the close of the State's evidence and after the appellant had offered evidence in his behalf. This is assigned as error. It is a well settled rule that it is within the sound discretion of the trial court as to the order of proof and the reopening of a case for further evidence. We find nothing in the record suggesting that the trial court abused its discretion in this instance. State v. McGuire, 327 Mo. 1176, 39 S. W. (2d) 523; State v. Kauffman, 335 Mo. 611, 73 S. W. (2d) 217.

In appellant's motion for a new trial there are four other assignments of error. We have examined them. They are general in their nature and fail to comply with Section 4125, R. S. Mo. 1939, which requires that the assignments of error must be stated in detail and with particularity. Therefore, they are not before us for review.

Finding no reversible error in the record, the judgment of the trial court should be affirmed. It is so ordered. All concur.