FRANK HONEY, Petitioner, v. PAUL E. KAISER, Warden, Missouri State Penitentiary.—No. 39149.—181 S. W. (2d) 492.

Court en Banc, June 12, 1944.

*Roy McKittrick*, Attorney General, and *Robt. J. Flanagan*, Assistant Attorney General, for respondent.

 TIPTON, J.—Habeas Corpus: On September 17, 1943, petitioner pleaded guilty to "breaking jail," while awaiting trial upon a criminal charge, and was sentenced to imprisonment in the penitentiary for a period of two years. He contends that the information charging him with this offense is fatally defective for the reason that it failed to state the day, month, or the year when he is alleged to have committed this offense; or, to state his contention another way, since no date of the alleged crime is laid in the information, it fails to show that crime is not barred by the statute of limitations, which is Section 3782, R. S. Mo. 1939.

To sustain his contention that the circuit court was without jurisdiction to pass sentence upon him, petitioner relies upon the case of Ex parte Sydnor, 222 Mo. App. 798, 10 S. W. (2d) 63, an opinion by the St. Louis Court of Appeals. In that case, the information "did not at any place either in the body of the information or elsewhere charge that the offense was committed on a certain day, month, or year, leaving the time absolutely blank, except as follows: 'A. D., 19—.' " That court held the information insufficient to sustain a plea of guilty and discharged the petitioner. In ruling the case, that court said, ". . . the information or indictment must always, whether time be of the essence of the offense or not, state in some manner that the crime is charged as having been committed within the period so as to avoid the operation of the bar of the statute. If the information, though omitting the day and month, yet showed the year or a period within a year, it would be sufficient, since it would show that the prosecution is not barred."

We are of the opinion that case should be overruled, for the reason that it fails to give effect to our statute of jeofails, Section 3952, R. S. Mo. 1939, which, in part, reads: "No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: First, . . . fourth, . . . nor for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, . . . "

This exact question was before this court in the case of State v. Stumbo, 26 Mo. 306. In ruling that case, we said: "The only objection to the indictment is that it omits to state the year in which the offense was committed. This objection is disposed of by the 27th section of article 4 of the act regulating proceedings in criminal cases, (R. C. 1855, p. 1176), which declares that no indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, 'for omitting

1122

to state the time at which the offense was committed in any case where time is not of the essence of the offense.' "

To the same effect, are the cases of State v. Hughes, 82 Mo. 86; State v. Giorgetti, 186 S. W. 558.

To sustain the petitioner's contention, we would have to ignore the statute of jeofails. This we cannot do. Since time is not the essence of the crime of "breaking jail," it follows that the petitioner must be remanded to the custody of the respondent. It is so ordered. All concur.