STATE OF MISSOURI, Respondent, v. CHARLES H. REDDING, Appellant,
No. 42266—239 S. W. (2d) 494.

Division One, May 14, 1951.

*J. E. Taylor*, Attorney General, and *Jack Fleischaker*, Assistant Attorney General, for respondent.

HYDE, J.—Defendant appealed from a conviction for forgery in the second degree and a sentence of two years in the penitentiary. Defendant was charged with forging a check for $35.00 "purporting to be the act of one Harold A. Harvey" and "purporting to be drawn on the Bosworth State Bank."

No bill of exceptions has been filed so only errors appearing on the record proper are before us. (State v. Abbott, Mo. Sup., 236 S. W. (2d) 592; State v. Birkner, Mo. Sup., 229 S. W. (2d) 674.) Defendant has filed no brief here, but it appears that, after the jurors were sworn to try the case, the Court permitted an amendment of the information to show the date of the offense as the 14th day of November instead of the 13th day of November, as originally alleged. However, the check was set out in full in the information, showing its date "11-14, 1949", so this amendment only made the date of the offense conform to the date of the check as already alleged. This amendment was authorized by the statute of jeofails, Sec. 545.030 and Sec. 545.290, R. S. 1949. (State v. Tunnell, Mo. Sup. 296 S. W.

423; State v. Bowers, Mo. Sup., 29 S. W. (2d) 58; see also Tucker v. Kaiser, Mo. Sup., 176 S. W. (2d) 622; Honey v. Kaiser, 352 Mo. 1120, 181 S. W. (2d) 492.) We hold there was no error in permitting this amendment.

■ Defendant contended no crime was charged by the information herein, and filed a motion to quash, relying on State v. Dobbins, 351 Mo. 796, 174 S. W. (2d) 171. In the Dobbins case, the defendant was charged under Sec. 4583, R. S. 1939 (now Sec. 561.210, R. S. 1949) with selling, exchanging ■ or delivering for a consideration a forged check, namely: a check he knew had been forged by another person. (Forgery in the fourth degree.) The defendant therein contended he should have been charged under Sec. 4571, R. S. 1939 (now Sec. 561.080, R. S. 1949), but this Court affirmed his conviction, holding that he was charged under the proper Section. This ruling was correct, but this Court, quoting from State v. Gibson, 244 Mo. 215, l. c. 218, 148 S. W. 947, 948, said: "That Sec. (4571) applies 'only to instruments purporting to be executed by a bank.'" The Gibson case made that statement, citing State v. Milligan, 170 Mo. 215, 70 S. W. 473. However, the charge in the Gibson case was forgery of a promissory note and, as to such an instrument, the statement made therein concerning Section 4571 was correct, as will be seen from reading the statute which is as follows: "Every person who shall forge or counterfeit, or falsely make or alter, or cause or procure to be forged, counterfeited or falsely made or altered: (*First,* any *promissory note,* bill of exchange, draft, check, certificate of deposit, or other evidence of debt, being or purporting to be made or *issued by* any bank or trust company incorporated under the laws of this state, or of any other state, territory, government or country;) or, (*second,* any order or *check* being or purporting to be *drawn on* any such incorporated bank or trust company, or any cashier thereof, by any other person, company or corporation,) shall, upon conviction, be adjudged guilty of forgery in the second degree." (Parentheses and italics ours.)

It is clear from reading Section 561.080 that it covers two separate kinds of offenses and that the part designated as "second" covers the offense charged in this case, namely: forgery of a check purporting to be drawn *on* a bank by some other person. This part of the statute was overlooked in the Dobbins case. The reference to this statute in the Milligan case was also concerning a promissory note, and not to a check. However, the defendant therein was charged with forgery of a promissory note, not of a bank but of a private person. Forgery of a promissory note of a private person is covered by another statute and is forgery in the third degree. (See Sec. 561.160, R. S. 1949.) In the Milligan case, the charge was under the third degree forgery statute but the instructions to the jury stated the punishment provided for second degree forgery and con-

viction was reversed for that error. In State v. Socwell, 318 Mo. 742, 300 S. W. 680, and State v. Stegner, 276 Mo. 427, 207 S. W. 826, informations charging offenses similar to the one in this case, under part "second" of Section 561.080, were held good; but there were reversals in both cases for procedural errors. Nevertheless, both of these cases were remanded for retrial on the charge of forging a check purporting to be drawn *by* an individual or private corporation *on* an incorporated bank. (See also State v. Willard, 228 Mo. 328, 128 S. W. 749; State v. Washington, 259 Mo. 335, 168 S. W. 695.) Thus it is clear, that the statement from the Gibson case quoted arguendo in the Dobbins case is not applicable to this case. The situation here was not actually involved in the Dobbins case; and it cannot be construed as a ruling that the facts involved in this case did not constitute an offense under part "second" of Section 561.080. We, therefore, hold that the information herein sufficiently charged an offense under Section 561.080.

The verdict herein is in proper form and responsive to the issues made by the charge in the information. The verdict found defendant "guilty of forgery in the second degree as charged in the information" and assessed his punishment in accordance with the statute providing for the punishment of forgery in the second degree. (Section 4594, R. S. 1939, Section 561.330, R. S. 1949; as to form of verdict see State v. Todd, Mo. Sup., 248 S. W. 939; State v. Akers, Mo. Sup., 242 S. W. 660; State v. Ward, 356 Mo. 499, 202 S. W. (2d) 46.) Allocution, judgment and sentence are in proper form and comply with the statutes. (Sections 4100, 4101 and 4102, R. S. 1939, Sections 546.550, 546.560 and 546.570, R. S. 1949.) The Court formally inquired of the defendant as to whether there was any legal cause why sentence should not be pronounced and, upon failing to show such cause, he was thereafter properly sentenced in accordance with the verdict of the jury. The judgment is affirmed. All concur.