The cause is transferred to the St. Louis Court of Appeals.

WESTHUES and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., and ELLISON, J., and BENNICK, and BROADDUS, Special Judges, concur.

■

**STATE of Missouri, Respondent,**

v.

**Floyd WHITE, Appellant.**

No. 44200.

Supreme Court of Missouri.

Division No. 1.

Oct. 11, 1954.

H. J. Hood, Leon P. Embry, California, and Fred F. Wesner, Sedalia, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant has appealed from a judgment and sentence of three years in the penitentiary upon conviction of the crime of forgery in the second degree.

It was charged by information that defendant did deliver, "pass, utter and publish as true" a false, forged and counterfeit check for $240 "purporting to be made by A. B. Clyde, and purporting to be drawn upon the Peoples Bank of Jamestown, Mo., a banking corporation * * *." Thus the information charged the crime of uttering a forged instrument under Section 561.250 RSMo 1949, V.A.M.S., which crime is forgery in the same degree as declared for the forging, altering or counterfeiting the instrument. Since the check is averred to

have been one purporting to have been made by another person and purporting to have been drawn on an incorporated bank, it is apparent that the crime of passing, uttering and publishing the check as charged was forgery in the same degree (that is, the second degree) as forgery is defined by the second clause of Section 561.080 RSMo 1949, V.A.M.S., which clause provides, "* * * second, any order or check being or purporting to be drawn on any such incorporated bank * * *, by any other person * * *, shall, upon conviction, be adjudged guilty of forgery in the second degree." State v. Redding, 362 Mo. 39, 239 S.W.2d 494; Meeks v. Kaiser, 8 Cir., 125 F.2d 826. Consequently we hold the trial court correctly advised the jury by the State's given Instruction No. 1 that, upon a finding of guilt, defendant's punishment was to be assessed at "not less than two nor more than ten years" imprisonment, such a scale of punishment being that provided for forgery in the second degree by Section 561.330 (2) RSMo 1949, V.A.M.S. This ruling is adverse to defendant-appellant's contention that the degree of the crime as charged is governed by Section 561.160 RS Mo 1949, V.A.M.S., which section defines the forging of the pecuniary obligation of another and makes such crime forgery in the third degree, the punishment for which is "imprisonment not exceeding seven years" as provided in Section 561.330 (3) RSMo 1949, V.A.M.S. In support of his contention, defendant-appellant had cited State v. Andrew, 297 Mo 228, 249 S.W. 60. In the Andrew case, however, it was said that Section 3436, R.S.Mo. 1919, now § 561.-160, supra, was the only section of the statutes broad enough to cover the facts as charged. In that case the instrument charged as forged was a contract purporting to transfer property rights. See again § 561.-160, supra.

The State introduced evidence tending to show that January 9, 1953, defendant appeared at the store of the M. F. A. Co-operative at Tipton and presented the check, defendant as payee, as described and set forth *in haec verba* in the information. Defendant told the manager of the store

that A. B. Clyde was in the stock trading and cattle business near Sandyhook and Jamestown; and that the check "was okay". Defendant endorsed the check and received of the manager the sum of $240 in cash. The State also introduced evidence tending to show that defendant had uttered two other checks, in which defendant was payee, and purportedly drawn by "A. B. Clyde" or "A. B. Clide" on the Peoples Bank of Jamestown. These two checks were uttered and passed at the M. F. A. Co-operative at Boonville. All of the checks bore notations indicating they had been given in payment for livestock. Defendant had told the manager of the Boonville Co-operative that A. B. Clyde had sold a farm in another state for $8,000, and was now operating a farm near Sandyhook. Defendant further represented that he accompanied Clyde to the Peoples Bank of Jamestown and was with Clyde when Clyde deposited the $8,000 draft in that bank. No person named "Clyde" had made such a deposit. Defendant had not owned livestock. Three witnesses, including the sheriff of Moniteau County, who were well acquainted with the people residing in the neighborhoods which had been mentioned by defendant, testified they did not know and had not heard of A. B. Clyde; nor had an investigation revealed such a person. The Sheriff also testified defendant had given varying and inconsistent versions of the asserted circumstance of the deposit of the $8,000 draft.

Defendant-appellant contends his motion for a judgment of acquittal should have been sustained. He urges that none of the witnesses could or did testify that the signature, "A. B. Clyde", was not the signature of such a person, or that the name, "A. B. Clyde", was fictitious and forged by defendant, or by another with defendant's knowledge. The signing of the name as a purported drawer of an instrument purporting to be a check was surely intended to indicate that the signature was the true signature of a natural person. State v. Stegner, 276 Mo. 427, 207 S.W. 826. And consequently the check so signed was a ready instrumentality for fraud. It is true that, in this case, the State undertook to prove a negative, that is, that no such person as A. B. Clyde existed in the locality and as represented by defendant, and that hence the name affixed to the check was a fictitious one. In our opinion there was substantial evidence supporting the State's theory. There was, as stated, testimony of witnesses, who resided in or were well acquainted with the people in the neighborhoods in which defendant had said A. B. Clyde lived, that they knew no such person. The checks were so written as to indicate they had been given to defendant in payment of cattle. Defendant had had no cattle. These circumstances, and the circumstances of the falsity and inconsistencies of defendant's statements relating to the deposit of the draft, were, in our opinion, substantial bases for the conviction.

Defendant-appellant is mistaken in his further contentions that Instruction No. 1 assumed without requiring the findings that "said check was falsely made, forged and counterfeited"; and that defendant knew "said check to be falsely made, forged and counterfeited". These elements were submitted and the jury required to so find in determining a verdict of guilty. The instruction also required the finding that defendant had passed the check "with the intent to injure and defraud". Other assignments of errors in giving Instruction No. 1 were set forth in defendant's motion for a new trial; but defendant-appellant has not briefed these assignments. They are considered abandoned. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43, and cases therein cited.

The judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the judges concur.